*1049
 
 ORDER
 

 |,WRIT GRANTED. The decision of this Court in
 
 Forum, for Equality PAC v.
 
 McKeithen, 04-2551 (La.1/19/05), 893 So.2cl 738, is controlling. In
 
 Forum for Equality,
 
 this Court held that the preclu-sive effect of an earlier judgment could bind a nonparty plaintiff whose interests were adequately represented by parties to the prior litigation. The Court found no error in the district court ruling granting the defendants’ exception of
 
 res judicata
 
 as to the plaintiffs’ claim that the September 18, 2004 election was not a statewide election because that issue had been previously litigated by different plaintiffs in a case that was now final.
 

 The lower courts’ view that the
 
 Forum for Equality
 
 case was not applicable in this case, overlooked the critical fact that the preclusive effect of the previous judgment is not being used against a nonparty to the litigation. The respondent is not being precluded from contesting a matter that he has not had full and fair opportunity to litigate. To the contrary, the respondent was a party to the litigation in which it was determined that he was fired for cause.
 
 Williams v. Orleans Levee District, Bd. of Com’rs.,
 
 00-0297 (La.App. 1 Cir. 3/28/01), 784 So.2d 657. The principle of issue preclusion is being applied in this case as intended, to protect |2against “the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.”
 
 Taylor v. Sturgell,
 
 553 U.S. 880, 128 S.Ct. 2161, 2171, 171 L.Ed.2d 155 (2008) (citation omitted).
 

 Accordingly, we find the lower courts erred in denying relator’s exception of
 
 res judicata
 
 insofar 'as it applied to claims raised against it that were resolved by the First Circuit litigation which determined that respondent was lawfully terminated for insubordination.
 
 Williams v. Orleans Levee District, Bd. of Com’rs.,
 
 00-0297 (La.App. 1 Cir. 3/28/01), 784 So.2d 657. The trial court judgment denying relator’s exception of
 
 res jtidicata
 
 is reversed, as is the court of appeal decision affirming that ruling, and the case is remanded to the trial court for further proceedings consistent with the views expressed herein.