EDWIN A. LOMBARD, Judge.
| ]Defendant, Bell Helicopter Textron, Inc., appeals a judgment granting the exception of res judicata, filed jointly by plaintiffs, Kyle and Lisa Myers, as well as defendants National Union Fire Insurance Company and Petroleum Helicopters, Inc. After review of the record in light of the applicable law and arguments of the parties, we affirm the decision of the district court sustaining res judicata.

Relevant Facts and Procedural History

This matter arises from an August 19, 2004 accident in which a 1990 Bell Model 412 helicopter purchased by Petroleum Helicopters, Inc. (“PHI”) from Bell Helicopter Textron, Inc. (“Bell”) made a forced emergency landing in the Gulf of Mexico near South Pass 65. At the time of the accident, Richard Tucker, Michael Le-boeuf, and Kyle Myers were passengers on the Helicopter. All three passengers filed lawsuits for injuries sustained as a result of the forced emergency landing. Mr. Le-boeuf s suit in the 15th JDC is not relevant for the issues presented in this matter. Mr. Tucker filed suit in the 25th Judicial District Court for the Parish of Plaque-mines, and it is the judgment in the Tucker case at issue in the exception of res judicata before this Court. See Tucker v. Petroleum Helicopters, Inc., 2008-1019 (La.App. 4 Cir. 3/23/09), 9 So.3d 966, writ denied, 2009-0901 (La.6/19/09) 10 So.3d 736.
|?In this matter, plaintiffs Kyle and Lisa Myers filed a petition for damages on August 18, 2005 against PHI for negligence in the inspection and mechanical operations of the helicopter, and against Bell for unreasonable defects in design, construction, and warnings, three theories provided by the Louisiana Products Liability Act (“LPLA”). The Myers’ also named National Union Fire Insurance company as a defendant in its capacity as PHI’s insurer.

Tucker trial, Myers res judicata

In the Tucker action, plaintiffs Richard and Linda Tucker filed suit against PHI, *209 its pilots, and mechanics, asking for personal injury, lost wage, and future earnings damages. PHI then added Bell as a third-party defendant, seeking tort indemnity for any damages it might have to pay the Tuckers. The Tuckers then added a direct claim against Bell. PHI’s insurers then filed a petition in intervention, asserting implied warranty and redhibition claims against Bell. Tucker, supra, p. 2, 9 So.3d at 969.
The Tuckers’ personal injury claims were evidently settled prior to trial, as their claims “formed no part” of the appeal. Id., p. 2, 9 So.3d at 969. The trial that took place in Tucker involved the warranty and redhibition claims of PHI and PHI’s insurers against Bell. As such, this trial’s outcome would determine fault in the helicopter accident between PHI and Bell. This trial occurred on August 13-20, 2007.
At the Tucker trial of PHI’s claims against Bell, Bell contended that the original purchase by PHI of the helicopter at issue, as well as the purchase of subsequent replacement parts, were subject to express written waivers of warranty provisions precluding PHI’s claims for redhibition. Id., p. 2, 9 So.3d at 969. PHI denied Bell’s contention and denied any waiver of Bell’s warranties. As for the tissue of fault, PHI claimed that an undetected fatigue crack in one of the helicopter rotor blades “caused this incident,” and that the “fatigue crack was attributable to latent defects of which Bell was aware or should have been aware at the time of the purchase, i.e. the loss of the helicopter was due to a redhibitory vice.” Id., p. 14, 9 So.3d at 975. PHI presented evidence of other failed Bell rotor blades and qualified expert testimony attributing the accident and damages therefrom to the redhibitory defects from Bell’s production of the tail rotor parts. Id., pp. 16-18, 9 So.3d at 976-978. On October 25, 2007, after the Tucker trial but before the rendering of judgment, Kyle and Lisa Myers filed a Motion to Consolidate their action in the Tucker action in order to adopt the result of the Tucker trial. This motion was denied.
Still prior to the rendering of judgment, on December 19, 2007, the Myers, PHI, and National Union filed a “Joint Peremptory Exception of Res Judicata Pursuant to La. R.S. 13:4231(3)” in the instant matter, arguing that the forthcoming judgment in Tucker would be res judicata as to liability in their case. They argued that Bell should not receive a second opportunity to litigate fault for the helicopter accident. The Myers also agreed to be bound by the decision in the Tucker redhibition trial between Bell and PHI. The trial court in the instant case withheld judgment until the outcome of the Tucker trial.
On June 2, 2008, the trial court in Tucker ruled in favor of PHI and its insurers against Bell, finding Bell to be completely at fault for the helicopter accident at issue. The trial court’s judgment specifically held:
The redhibition claim of PHI and PHI’s Insurers is granted in its entirety. This Court finds that the sole cause of the in-flight failure of the tail rotor assembly, leading to the forced landing and subsequent loss of the Bell Model 412 Helicopter ... on August 19, 2004 was a redhibitory defect or vice in design and | construction of the tail rotor blades of the Helicopter manufactured and sold by Bell and installed on the Helicopter. The Court further finds that PHI’s inspection and safety procedures and its operation of the Helicopter at all pertinent times were, in all respects, proper and reasonable and that PHI was without fault in connection with the in-flight failure of the tail rotor assembly, forced landing, loss of the *210 Helicopter and injuries, if any, sustained by the passengers and crew.
On September 15, 2008, the trial court in this matter denied the December 19, 2007 exception of res judicata as to the Myers without prejudice, and withheld ruling as to PHI pending the outcome of Bell’s appeal of the Tucker judgment. On January 23, 2009, the Myers’ filed a motion for partial summary judgment, intending to establish that they are free from fault from the subject accident and that they have satisfied their burden of proof against all defendants under res ipsa loquitur.
Bell appealed the Tucker decision to this Court, and in a decision rendered on March 23, 2009, we found no error in the trial court’s judgment. Tucker, supra, p. 16, 9 So.3d at 976. The Louisiana Supreme Court denied Bell’s application for writ. Tucker, supra, writ denied, 2009-0901 (La.6/19/09), 10 So.3d 736.
On September 3, 2009, the trial court granted the Myers’ motion for partial summary judgment, holding that “plaintiffs’ freedom from fault in causing or contributing to the forced landing subject to this litigation be and hereby is established as fact.” PHI and National Union Fire then re-urged their exception of res judicata, and the court granted the exception as to liability only, leaving only the issue of damages to be determined at trial in this case. Bell now appeals that sustaining of res judicata to this Court.
| Standard of Review
 The standard of review of a peremptory exception of res judicata requires an appellate court to determine if the trial court’s decision is legally correct or incorrect. Ins. Co. of North America v. Louisiana Power & Light, 2008-1315, p. 5 (La. App. 4 Cir. 3/4/09), 10 So.3d 264, 267; Sutter v. Dane Investments, Inc. 07-1268, p. 3 (La.App. 4 Cir. 6/04/08), 985 So.2d 1263, 1265. Louisiana courts recognize that “a final judgment has the authority of res judicata only as to those issues presented in the pleading and conclusively adjudicated by the court.” Ins. Co. of North America, 2008-1315 at 6, 10 So.3d at 268. Moreover, the doctrine of res judicata is stricti juris and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application. Id., at 7, 10 So.3d 264; Kelty v. Brumfield, 93-1142, p. 7 (La.2/25/94), 633 So.2d 1210, 1215.

Assignments of Etivr

Appellant Bell presents two assignments of error in the decision of the trial court to grant the joint exception of res judicata. First, Bell argues that the parties to the judgment in Tucker are not the same as the parties in this matter. Second, Bell argues that the final judgment of Tucker resolved different liability issues than those at issue in this Myers action, and that Bell is therefore entitled to a trial on liability in Myers.

Law and Analysis

The doctrine of res judicata precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment. See Avenue Plaza, L.L.C. v. Falgoust, 96-0173, pp. 4-5 (La.7/2/96), 676 So.2d 1077, 1079. Louisiana’s res judicata statute is La.Rev.Stat. § 13:4231, which provides:
| fiExcept as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the *211 subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Res judicata cannot be invoked unless all its essential elements are present and each necessary element has been established beyond all question. Louisiana Workers’ Compensation Corp. v. Betz, 2000-0603, p. 3 (La.App. 4 Cir. 4/18/01), 792 So.2d 763, 765. The Louisiana doctrine of res judicata was amended by Act 521 of 1990 by adopting issue preclusion. See Ensenat v. Edgecombe, 97-2239, p. 3 (La.App. 4 Cir. 3/11/98), 707 So.2d 1059, 1061. The Louisiana Supreme Court has stated that “the chief inquiry is whether the second action asserts a cause of action which arises out of the same transaction or occurrence that was the subject matter of the first action.” Burguieres v. Pollingue, 02-1385, p. 7 (La.2/25/03), 843 So.2d 1049, 1053. However, all of the following must be fulfilled to preclude a second action under res judicata:
(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
hid., p. 8, 843 So.2d at 1053.
Appellant Bell first asserts that in the Tucker matter, because the claims of plaintiffs Richard and Linda Tucker were settled, Kyle and Lisa Myers cannot claim to be the same party for the purposes of res judicata in their suit. Bell argues that because the parties are not identical, the strict requirements of res judicata are not met.
PHI argues that the parties in this matter are in precisely the same position as they were in the Tucker matter. They argue that Bell and PHI are the only two parties who can be at fault in this matter, which places them in the same position as in the Tucker trial. This Court agrees, and finds that the parties are in fact the same for the purposes of res judicata.
The requirement that the parties are the same in both suits does not mean that the parties must have the same physical identity, but that the parties must appear in the “same quality or capacity.” Berrigan v. Deutsch, Kerrigan & Stiles, LLP, 2001-0612, p. 6 (La.App. 4 Cir. 1/2/2002), 806 So.2d 163, 167. The mover on an exception of res judicata bears the burden of proof by a preponderance of the evidence. Id., p. 5, 806 So.2d at 167.
The third factor expressed in Bur-guieres, supra, that the parties in both suits are the same, mandates that there be an “identity of capacity.” Therefore, under La.Rev.Stat. § 13:4231, “the parties are the same when they appear in the same capacities in both suits.” Burguieres, p. 10, 843 So.2d at 1054.
In the Tucker trial, the claims of Richard and Linda Tucker were compromised, leaving only the issue of liability between PHI and Bell. PHI had become a third party plaintiff by way of its claims against *212 Bell. PHI and its insurers claimed that Bell was completely at fault for the loss of the helicopter and 18any injuries therefrom. The result of the trial was that Bell was found to be completely at fault for the accident, and PHI was found to be without any fault.
In this matter, the granting of the Myers’ motion for partial summary judgment confirmed that Kyle and Lisa Myers are without fault for their damages suffered as a result of the helicopter crash. Therefore, as any fault on the part of the Myers’ has been precluded, PHI and Bell remain as the only parties who could be found at fault if this matter were to go to trial on liability. Furthermore, the Myers’ current status is not relevant to the exception of res judicata because the exception was only re-urged by PHI and National Union. The trial court previously denied an exception of res judicata as to the Myers, and the judgment on appeal sustains the exception only as to PHI and National Union.
It is this Court’s view that the parties in this matter are the same as in the Tucker judgment. In neither case are the plaintiffs’ statuses an issue. The only parties that could be liable in this action, Bell and PHI, are in the same position as they were in the Tucker trial, where Bell was found to be completely at fault and PHI without any fault in causing the helicopter accident of August 19, 2004. They are appearing in the same capacities, and they are, in fact, the same parties. Appellant Bell is clearly liable for the accident, but the Myers and PHI still have to prove their damages in the trial court.
Furthermore, the Myers’ interests in the Tucker trial were adequately represented by PHI’s claims of fault against Bell. In Forum for Equality PAC v. McKeithen, 2004-2551 (La.1/19/05), 893 So.2d 738, plaintiffs, a political action committee, appealed to the Louisiana Supreme Court a decision sustaining res judicata despite the presence of three additional plaintiffs that were not parties to the original judgment in a prior case. The Court noted that “[tjhere exists an | ¡identity of parties whenever the same parties, their successors, or others appear so long as they share the same ‘quality’ as parties.” Id., p. 10, 893 So.2d at 745, quoting Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978).
The Court in Forum For Equality PAC held that “the preclusive effect of an earlier judgment could bind a nonparty plaintiff whose interests were adequately represented in the prior litigation.” Williams v. Orleans Levee District, et al, 2009-2637, p. 1 (La.4/5/10), 31 So.3d 1048. Similarly, this Court finds that the Myers’ interest, which was to determine which party, Bell or PHI, was at fault in causing the helicopter accident, was adequately represented. PHI and the Myers are of the same quality or capacity; therefore, the “same parties” requirement of res judicata is met. Most importantly, appellant Bell “is not being precluded from contesting a matter that he has not had a full and fair opportunity to litigate.” Id., p. 1, 31 So.3d 1048. Therefore, Bell’s first assignment of error is without merit.
Next, Bell argues that the trial in Tucker resolved different liability issues than what is at stake in the current action, and that because the issue of liability to the Myers’ has not been “actually litigated,” res judicata is inappropriate. Bell argues that the redhibition claims of PHI are wholly different from the Myers’ personal injury claims. For the reasons stated above with reference to the first assignment of error, Bell’s second assignment of error is also without merit.
*213 In Maschek v. Cartemps USA, 2004-1031, p. 5 (La.App. 4 Cir. 2/16/05), 896 So.2d 1189, 1193, this Court affirmed the sustaining of an exception of res judicata, noting that the statutory scheme in Louisiana:
embraces broad usage of the phrase ‘res judicata’ to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, a res judicata | judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes re-litigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense as two different aspects: 1) foreclosure of re-litigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of re-litigating matters that have been previously litigated and decided.
Res judicata bars re-litigation of a subject matter arising from the same transaction or occurrence as a previous suit. Burguieres, supra, p. 7, 843 So.2d at 1053. In this matter, appellant Bell clearly had the opportunity to litigate its case as to liability, and the trial court in Tucker found Bell to be wholly liable, and found no fault on the part of PHI in causing the helicopter accident and injuries therefrom.

Conclusion

In light of the broad concept of res judicata that prevails in our jurisprudence, we conclude that the issue of fault for the helicopter crash is an issue that has been “actually litigated.” La.Rev.Stat. § 13:4231(3). Therefore, because the statutory requirements for res judicata have been met, we find no error in the decision of the district court to sustain the exception of res judicata as to Bell’s liability in this matter. This matter is remanded to the district court for trial as to damages and other proceedings consistent with this opinion.
AFFIRMED.