EDWIN A. LOMBARD, Judge.
_JjThe plaintiffs, R-Plex Enterprises, LLC and Harrietta Reed, appeal the trial court judgment granting the exceptions of res judicata and no cause of action filed by the defendants, Joseph Desvignes and Club 1355, Inc.

Relevant Facts and Procedural History

The property underlying this dispute, located at 1355 St. Bernard Ave, is owned by the plaintiffs and managed by Ernest Joubert Company (Joubert). Joubert, through its employee Steve Carson, leased the property to Club 1355, Inc., (with Joseph Desvignes signing as a personal guarantor) to be used as a bar and restaurant. The parties entered into five separate one-year lease agreements, with the final one (at issue in this dispute) covering the period July 1, 2005, though June 30, 2006. Upon termination of the lease on June 30, 2006, Mr. Carson conducted a walk-through of the property on July 3, 2006. On June 29, 2007, the plaintiffs filed the instant lawsuit, asserting that the walk-through revealed contents of the premises had been removed and interior walls had been remodeled without permission and alleging intentional interference or conversion of movable property, intentionally interference with immovable property or committed property damage, and breach of contract.
| aIn response, the defendants filed an exception of res judicata and an exception of no cause of action,[1] arguing that any claims based upon the 2005-2006 lease agreement between the parties should have been filed as a reconventional demand in their suit filed in First City Court against Joubert seeking return of the security deposit. In addition, the defendants contend that all alterations took place under the 2003-2004 lease agreement and, accordingly, because the lease agreement contains an “As Is” clause, the defendants received the property in the same condition as it was at the start of the 2005 lease.
After a hearing, the trial court granted the exception of res judicata. The trial court also granted the exception of no cause of action, but provided the plaintiffs with the right to amend their petition.
The plaintiffs filed a motion to clarify the judgment. Thereafter, the court entered a judgment which granted the exception of res judicata, dismissing all of the plaintiffs’ claims with prejudice. The court again granted the exception of no cause of action, providing plaintiffs with the right to amend their petition.

*39
Assignment of Error I

[I] The plaintiffs argue that the trial court erred in granting the exception of res judicata because the exceptional circumstances standard, found in La.Rev. Stat. 13:4232(A)(1), is applicable to the facts presented herein. Further, plaintiffs argue that the elements of res judicata were not met.
The standard of review of an exception of res judicata requires an appellate court to determine if the trial court’s decision is legally correct or incorrect. Myers v. National Union Fire Ins., 2009-1517, p. 5 (La.App. 4 Cir. 5/19/10), 43 So.3d 207, 210, citing Ins. Co. of North America v. Louisiana Power & Light, 2008-1315, p. 5 (La.App. 4 Cir. 3/4/09), 10 So.3d 264, 267. The Myers court further noted, “a final judgment has the authority of res judicata only as to those issues presented in the pleadings and conclusively adjudicated by the court.” Myers, 2009-1517, p. 5, 43 So.3d at 210, citing Ins. Co. of North America, 2008-1315, p. 6, 10 So.3d at 268. The doctrine of res judicata is stricti juris and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application. Myers, 2009-1517, p. 5, 43 So.3d at 210, citing Ins. Co. of North America, 2008-1315, p. 7, 10 So.3d at 268.
The doctrine of res judicata in Louisiana is set forth in La.Rev.Stat. 13:4231, which provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
1)If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are the extinguished and the judgment bars a subsequent action on those causes of action.
3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The Louisiana Supreme Court examined this doctrine and determined that based upon the language of the statute, five elements must be satisfied for a finding that a second action is precluded by res judicata: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action 14asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Chevron USA, Inc. v. State, 2007-2469, p. 10 (La.9/8/08), 993 So.2d 187, 194; Myers, 2009-1517, p. 6, 43 So.3d at 211.
Accordingly, in addressing the plaintiffs’ contention that the elements of res judica-ta are not met, we must look at the judgment obtained in the first proceeding. In that case, the defendants filed suit against Joubert seeking a return of their security deposit paid in connection with the lease of the property located at 1355 St. Bernard Ave. Prior to trial, however, the defendants and Joubert entered into a compromise or settlement agreement in the First City Court proceedings wherein Joubert returned the $1,200.00 security deposit to the defendants and Joseph Desvignes ab *40 solved Joubert from any liability regarding the property located at 1355 St. Bernard Ave.
While the doctrine of res judicata is ordinarily premised on a final judgment, a valid compromise may form the basis of a plea of res judicata. Silva v. State Farm Mut. Auto. Ins. Co., 2009-0686, p. 5 (La.App. 5 Cir. 3/23/10), 38 So.3d 934, 937, citing Ortego v. State, Dept. of Trans. and Dev., 96-1322, p. 8 (La.2/25/97), 689 So.2d 1358, 1364. In this case, the defendants assert that Joubert is the agent of the plaintiffs and that the plaintiffs, as the principals, are bound by the actions of their agent. The plaintiffs disagree, arguing that because they were not a party to the compromise agreement they are not bound by the compromise agreement.
The plaintiffs are correct. Under Louisiana law, authority to enter into a compromise must be expressly given, La. Civ. Code. art. 2997, but there is no evidence in the record that the plaintiffs gave Joubert express authority to enter |sinto a compromise regarding their rights. See Townsend v. Square, 94-0758, p. 8 (La.App. 4 Cir. 9/29/94), 643 So.2d 787, 790 (while attorneys are presumed to have authority to negotiate, they may not enter into a binding agreement without the client’s clear and express consent). Thus, without the clear and express consent of the plaintiffs, Joubert could not enter into a binding agreement or compromise on behalf of the plaintiffs. Moreover, the deposition testimony of Harrietta Reed and Steve Carson indicates that the plaintiffs did not even know of the litigation in First City Court. Accordingly, because the compromise agreement was not valid as to the plaintiffs, it may not form the basis of a plea of res judicata in this matter and the decision of the trial court granting the exception of res judicata is legally incorrect. Based upon this finding, we pretermit discussion of whether the facts presented herein rise to the level of exceptional circumstances as contemplated by La.Rev.Stat. 13:4232(A)(1).

Assignment of Error II

In their second assignment of error, the plaintiffs argue that the trial court erred in granting the exception of no cause of action because their petitions failed to state a cause of action against one or both defendants. A peremptory exception of no cause of action is a question of law that requires the appellate court to conduct a de novo review. Raspanti v. Litchfield, 2005-1512, 2006-0331, p. 5 (La.App. 4 Cir. 11/21/06), 946 So.2d 234, 238 (citation omitted). The function of the exception is to determine whether there law provides a remedy under the factual allegations of the petition and, accordingly, should be granted only when there is no doubt that the plaintiff is unable to prove any set of facts that would entitle him to relief. Id. Thus, for purposes of determining the issues raised by the exception, “the well]pleadedfi facts in the petition must be accepted as true.” Fink v. Bryant, 2001-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349. “No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.” La.Code Civ. Proc. art. 931.
In this case, the plaintiffs original and amending petitions allege that a commercial lease agreement between the parties terminated on June 30, 2006, and that the defendants intentionally interfered with movables or committed a conversion of the movables, intentionally interfered with immovable property or committed property damage, and breached the contract between the parties. Specifically, the plaintiffs allege that the defendants breached the contract between the parties and caused tortious damage by removing movable property without permission and de *41 molishing portions of the interior walls of the property without notice to, or the consent of, the plaintiffs.
In their exception, the defendants assert that the plaintiffs fail to state a cause of action because the lease that ended on June 30, 2006, was a one-year lease agreement containing an “As Is” clause. Thus, because all the renovations complained of occurred in 2003-2004 during the term of a prior lease agreement, the property was returned to the plaintiffs at the end of the lease in exactly the same condition as it was accepted by the defendants on July 1, 2005. In support of their contentions, defendants attached a copy of the pertinent lease and portions of deposition testimony to their motion and memorandum. While these assertions (with supporting documents) may have merit as an affirmative defense or on motion for summary judgment, upon review of an exception of no cause of action, we may only consider the allegations in the petition, ie., (1) a lease existed; (2) the lease provided certain duties among the parties; and (3) the defendants breached 17those duties. Clearly, taken as true, these allegations are sufficient to state a cause of action against the defendants and, if proven, the law provides a remedy.

Conclusion

Accordingly, upon de novo review, the judgment granting the exceptions of res judicata and no cause of action is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. The defendants also filed an exception of no right of action. However, that exception was not ruled on by the trial court and there is no assignment of error concerning the exception. Therefore, we will not address the exception of no right of action.