EDWIN A. LOMBARD, Judge.
hThe plaintiff, Samuel Fanto, appeals the judgment of the trial court granting an exception of no cause of action. For the reasons stated herein, trial court’s judgment is affirmed.
Relevant Facts and Procedural History
Between the periods of December 2008 and September 2009, the plaintiff issued four checks, all notating “loan,” from his business account, Tri City Body Works, Inc., personally to James Dantro totaling $24,000.00.[1] All four checks were endorsed by Mr. Dantro. On September 29, 2009, Mr. Dantro wrote a check to Tri City Body Works, Inc. for $5,000.00 drawn on Publishers Wholesale Associate, Inc.’s (“Publishers”) business account, which is apparently his business. Mr. Dantro’s check was subsequently returned due to insufficient funds in the account.
On September 15, 2010, the plaintiff filed a petition for damages to recover the unpaid monies owed to him, naming as defendants, Mr. Dantro, his wife, Alice Dixon Dantro, and Publishers. In his petition, the plaintiff alleges that he provided |2Mr. Dantro a total of $24,000.00 in loans for commercial/business purposes and that Mr. Dantro had only made a partial payment of $3,500.00, leaving a balance of $20,500.00.[2] The plaintiff further asserts that Mrs. Dantro, as Mr. Dantro’s wife, is *477 liable for the loans in controversy because Louisiana is a community property state. The plaintiff also alleges that Mr. Dantro secured the funds for the named defendant, Publishers.[3]
In response, Mr. and Mrs. Dantro answered the petition and filed an exception of no cause of action. In their exception, the Dantros alleged that they were not acting in their personal capacities, but were acting in their capacities as agents of Publishers. Thus, the Dantros argued that they could be held liable only upon a piercing of the corporate veil.
At the hearing on the exception, on March 25, 2011, the trial court granted the exception as to Mrs. Dantro and dismissed all claims against her, based on the finding that she was not named on the check and, accordingly, she is not a proper defendant. The trial court denied the exception as to Mr. Dantro.
The plaintiff subsequently filed an application for supervisory writs. This Court granted the writ application for the sole purpose of remanding the matter to the trial court to consider the notice of intent to file an application for supervisory writs as a motion for appeal. Thereafter, the trial court entered an order of appeal.
| ^Discussion
In his sole assignment of error, the plaintiff argues that he stated a cause of action in his petition and accordingly, the trial court erred in granting the exception of no cause of action as to Mrs. Dantro.
The exception of no cause of action tests the legal sufficiency of a petition by examining whether, based upon the facts alleged in the pleading, the law affords the plaintiff a remedy. La.Code Civ. Proc. Art. 927(A)(4). “A peremptory exception of no cause of action is a question of law that requires the appellant court to conduct a de novo review.” R-Plex Enterprises, L.L.C. v. Desvignes, 2010-1337 p. 5 (La.App. 4 Cir. 2/9/11), 61 So.3d 37, 40. (citation omitted). The court is to review the petition and accept all well-pleaded allegations of fact as true, and the issue as the trial of the exception is whether, on the face of the petition, the plaintiff is entitled to the relief sought. Meckstroth v. Louisiana Dept. Of Transp. and Development, 2007-0236, p. 2 (La.App. 4 Cir. 6/27/07), 962 So.2d 490, 492, citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235-36 (La.1993); (citation omitted).
In his appeal, the plaintiff relies on paragraph 12 of the petition, which reads, “Louisiana is a community property state. Defendant, Mr. James Dantro, undertook a community obligation when he received said loans from Mr. Fanto. Therefore, defendant, Mrs. Dantro, is liable for the principle sum of $20,500 plus interest.” As such, Mr. Fanto concludes that he stated a cause of action against Mrs. Dantro for the community obligation.
However, upon de novo review, we carefully examined the petition filed by the plaintiff and found that in his petition, the plaintiff states that the loans to Mr. Dan-tro were for “commercial/business purposes.” Further, the plaintiff states that |4Mr. Dantro “requested said loans from Mr. Fanto for the purpose of securing funds for defendant corporation, Publishers Wholesale Associates, Inc.” The petition does not identify Publishers as anything other than a “Louisiana corporation.”
Under Louisiana Civil Code article 2360, “an obligation incurred by a spouse during *478 the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation.” The petition contains no allegation that Mr. Dantro requested said loans for the common interest of the Dantros or for the interest of Mrs. Dantro. Rather, the petition alleges that the loans were incurred for the interest of Publishers. The plaintiffs conclusory statement that Mr. Dantro undertook a community obligation is insufficient to overcome the exception of no cause of action.
Thus, our de novo review reveals that the law does not afford the plaintiff a remedy against Mrs. Dantro based upon the allegations in the petition.
Conclusion
Accordingly, upon de novo review, the judgment granting the exception of no cause of action as to Mrs. Dantro, is affirmed, dismissing Mrs. Dantro from any claims against her.
AFFIRMED

. The plaintiff executed three checks to Mr. Dantro on or about December 19, 2008 totaling $20,000.00. On or about September 11, 2009, the plaintiff issued another check to Mr. Dantro totaling $4,000.00.

. In the record before us, there is no documentary evidence of a loan agreement between the parties relating to the checks.

. The petition does not provide any further detail about Publishers or Mr. Dantro’s connection to Publishers,