MADELEINE M. LANDRIEU, Judge.
hBell Helicopter Textron, Inc. [“Bell”], the manufacturer of a helicopter that was forced to make an emergency landing on the surface of the Gulf of Mexico, appeals two related rulings made by the trial court (one ruling in each of these two consolidated cases). The cases are personal injury actions initiated by passengers who were in the helicopter on August 19, 2004, when the forced landing occurred. At all pertinent times, Petroleum Helicopters, Inc. [“PHI”] was the owner and operator of the helicopter in question.[1] In case No. 52823, Myers v. National Union Fire Ins. Co., the trial court issued an Order setting the matter for trial on damages alone “pursuant to this Court’s 2010 decision affirming the granting of [co-defendant] PHI’s exception of res judicata.”[2] In Case No. 57566, LeBoeuf v. AIG Aviation, Inc., the trial court sustained an exception of res judicata filed jointly by PHI and the plaintiffs. After reviewing the record and the applicable law, we affirm both rulings.
LFACTS AND PROCEEDINGS BELOW
The three passengers in the helicopter— Richard Tucker, Kyle Myers and Michael Le Boeuf — each filed a lawsuit seeking damages for injuries sustained as a result of the forced landing. In the first filed action, Richard Tucker and his spouse sued PHI and various insurers in the 25th Judicial District Court in Plaquemines Parish. PHI asserted a third party claim against Bell for indemnity and for the loss of the helicopter, alleging that a redhibi-tory defect of the helicopter had caused the crash landing. The Tuckers then amended their petition to include a direct claim against Bell. Because the Tuckers settled with both Bell and PHI prior to judgment, the trial court rendered judgment only on PHI’s redhibition claim against Bell. The trial court ruled in favor of PHI, finding that the helicopter had a redhibitory defect that was the sole cause of the accident and awarding damages to PHI for the loss of the helicopter and related search and salvage costs. Written reasons included in the trial court’s June 2, 2008 judgment detailed the court’s findings:
This Court finds that the sole cause of the in-flight failure of the tail rotor assembly, leading to the forced landing and subsequent loss of the Bell Model 412 Helicopter, Serial Number 36005, Registration Number N22347 (the “Heli *524 copter”) on August 19, 2004 was a redhi-bitory defect or vice in design and construction of the tail rotor blades of the Helicopter manufactured and sold by Bell and installed on the Helicopter. The Court further finds that PHI’s inspection and safety procedures and its operation of the Helicopter at all pertinent times were, in all respects, proper and reasonable and that PHI was without fault in connection with the in-flight failure of the tail rotor ^assembly, forced landing, loss of the Helicopter and injuries, if any, sustained by the passengers and crew.[3]
We affirmed the trial court’s judgment on March 28, 2009, and the Louisiana Supreme Court denied writs.[4] Tucker is relevant to this appeal because it serves as the basis for the res judicata claims at issue here.
Subsequent to the filing of the Tucker action, Kyle Myers and his spouse filed suit in the same district court against PHI, its insurer National Union Fire Insurance Company [“National Union”], and Bell. The plaintiffs alleged that PHI was negligent in the inspection and operation of the helicopter and that Bell was liable under the Louisiana Products Liability Act [“LPLA”] for defects in the design and construction of the helicopter and the warnings attached thereto. After the Tucker trial but prior to the rendering of judgment, the Myers filed a motion to have their action consolidated with the Tucker action, which motion was denied. Still prior to the rendering of the Tucker judgment, the Myers, PHI and National Union filed a joint exception of res judica-ta, arguing that the forthcoming judgment in Tucker would be res judicata as to liability in their case. The trial court declined to rule on the exception until after the outcome of the Tucker trial. Following the rendering of judgment in Tucker, the Myers court denied the plaintiffs’ exception of res judicata without prejudice and withheld ruling on the defendants’ exception pending the outcome of Bell’s appeal of the Tucker judgment.
I/Two months prior to this court’s appellate decision in Tucker, the Myers filed a partial motion for summary judgment seeking to establish that they were free from fault in causing the accident and that they had satisfied their burden of proof against all defendants pursuant to the principle of res ipsa loquitur. After this court affirmed the trial court’s judgment in Tucker, the district court granted the Myers’ motion for partial summary judgment, holding that: “plaintiffs’ freedom from fault in causing or contributing to the forced landing subject to this litigation be and hereby is established as fact.”[5] PHI and National Union then re-urged their exception of res judicata, which the trial court granted as to liability only. Bell appealed that decision to this court. On May 19, 2010, we affirmed the granting of the exception and remanded the matter to the district court for trial on the issue of damages. Myers v. National Union Fire Ins. Co. of Louisiana, 2009-1517 (La.App. 4 Cir. 5/19/10), 43 So.3d 207 [hereinafter referred to as Myers I ] Bell sought review of our decision in the Louisiana Supreme *525 Court, which denied Bell’s writ application.[6]
Citing Myers I, PHI moved for dismissal of the claims against it in the trial court, and Bell moved for a status conference to determine the procedural posture of the parties as a result of our decision. After hearing both motions, the trial court dismissed with prejudice the Myers’ claims against PHI by judgment rendered March 14, 2011. Then, on March 22, 2011, the trial court issued an Order stating, in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED that liability for the August 19, 2012 helicopter crash has already been “actually litigated” and decided, pursuant to the Fourth Circuit’s | ¿ruling in [Myers /]. Accordingly, Bell Helicopter Textron, Inc. is completely at fault for the helicopter accident at issue.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a jury trial on the issue of damages only, including punitive damages, shall commence on March 12, 2012, at 9:30 a.m.
Bell took the instant appeal from this Order.[7]
The remaining helicopter passenger, Michael LeBoeuf, and his spouse had filed a personal injury action against PHI, its insurer,[8] and Bell in the 15th Judicial District Court for the Parish of Lafayette. After we issued our appellate opinion in Myers I, the LeBoeuf action was transferred and consolidated with the Myers action. Subsequently, the LeBoeuf plaintiffs [9] and PHI filed a joint exception of res judicata on the same grounds as the exception that had been upheld by this court in Myers I. The trial court granted the exception on July 6, 2011, and Bell appealed that judgment. Bell’s appeal of the July 6, 2011 judgment was then consolidated with its pending appeal of the March 22, 2011 Order.
ISSUES
There are essentially three issues before this court:
(1) Did the trial court err by determining that all liability issues between the parties have been decided by Myers I, leaving only the issue of damages remaining for trial?
(2) Did the trial court err by granting the exception of res judicata in Le-Boeuf?
ln(3) Did the trial court err by ordering that the issue of Bell’s liability for punitive damages be tried with the issue of the amount of compensatory damages owed?
DISCUSSION

I. Myers I as Law of the Case

Bell contends that the trial court erred by setting the matter for trial on damages only pursuant to this Court’s directive in Myers I. In essence, Bell argues that the trial court should not have followed Myers I because it was wrongly decided. Conversely, appellees argue not only that Myers I was correct, but also that whether Myers I was correct or incorrect is irrelevant. They assert that the trial court was required to give effect to the decision in Myers I because it is law of the case. *526 They further argue that, for the same reason, this court must affirm the trial court’s decision. We agree.
The “law of the case” doctrine generally refers to the binding effect of trial court and/or appellate court rulings during later stages of the same case, including the principle that an appellate court ordinarily will not reconsider its own rulings of law in a subsequent appeal in the same case. Bank One National Association v. Velten, 2004-2001, pp. 5-6 (La. App. 4 Cir. 8/17/05), 917 So.2d 454, 458; Petition of Sewerage and Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973). Analogous to res judicata, the law of the case provides for the preclusionary effect of prior rulings in the same case. Posey v. Smith, 453 So.2d 1016 (La.App. 3rd Cir. 1984). The Louisiana Supreme Court has cited the policy reasons behind this doctrine as being “(1) avoiding relitigation of the same issue; (2) promoting consistency of result in the same action; and (3) promoting efficiency and fairness to the parties by affording a single opportunity for the argument and decision of the 17matter at issue.” Day v. Campbel-Grosjean Roofing & Sheet Metal Corporation, 260 La. 325, 256 So.2d 105, 107 (1971).
In Myers I, we affirmed the trial court’s granting of an exception of res judicata brought jointly by the Myers and PHI on the grounds that the trial court’s judgment in Tucker (made final by this court’s affirmation and the Louisiana Supreme Court’s denial of writs) had conclusively determined the liability of the parties in Myers for the helicopter accident. As previously noted, the Tucker court had determined that Bell was one hundred percent at fault in causing the crash landing and that PHI was free from fault. In Myers I, we considered two issues to determine whether the trial court had erred in applying Louisiana’s res judicata law, La. R.S. 13:4231. Those issues were (1) whether the parties in Tucker and Myers were the “same” within the meaning of the statute; and (2) whether the judgment in Tucker had resolved the same liability issues as those presented in Myers.
Noting that “[t]he requirement that the parties be the same does not mean that the parties must have the same physical identity, but that the parties must appear in the ‘same quality or capacity,’ ” we held that the parties in Tucker and Myers satisfied this requirement. Myers I, supra, p. 7, 43 So.3d at 211(citing Berrigan v. Deutsch, Kerrigan & Stiles, LLP, 2001-0612, p. 6 (La.App. 4 Cir. 1/2/2002), 806 So.2d 163, 167). In so holding, we stated:
It is this Court’s view that the parties in this matter are the same as in the Tucker judgment. In neither case are the plaintiffs’ statuses an issue. The only parties that could be liable in this action, Bell and PHI, are in the same position as they were in the Tucker trial, where Bell was found to be completely at fault and PHI without any fault in causing the helicopter accident of August 19, 2004. They are appearing in the same capacities, and they are, in fact, the same parties. Appellant Bell is clearly liable for the accident, but the Myers and PHI still have to prove their damages in the trial court.
I8Myers I, supra, p. 8, 43 So.3d at 212.
The second issue raised by Bell in Myers I was whether the Meyers’ personal injury claims had been “actually litigated” for the purposes of res judicata. Bell argued that they had not been actually litigated because the Tuckers had settled with Bell and PHI prior to judgment, and therefore the judgment had resolved only PHI’s redhibition claim, which Bell asserted was “wholly different” from the plaintiffs’ personal injury claims. In rejecting Bell’s argument, we noted the broad scope *527 of Louisiana’s res judicata law, which encompasses both claim preclusion and issue preclusion. Recognizing that issue preclusion bars re-litigation of “matters that have never been litigated but should have been advanced in the earlier suit,” we found that in Tucker, “Bell clearly had the opportunity to litigate its case as to liability.” Id., p. 10, 43 So.3d at 213. Thus, we held:
In light of the broad concept of res judicata that prevails in our jurisprudence, we conclude that the issue of fault for the helicopter crash is an issue that has been “actually litigated.” La. Rev.Stat. § 13:4231(3). Therefore, because the statutory requirements for res judicata have been met, we find no error in the decision of the district court to sustain the exception of res judicata as to Bell’s liability in this matter. This matter is remanded to the district court for trial as to damages and other proceedings consistent with this opinion.
Id., p. 10, 43 So.3d at 213.
The inescapable conclusion from the above-quoted decree is that the trial court did exactly as we instructed when it issued the Order that is the subject of this appeal. Although Bell insists that the issues it raises in the instant appeal are different from those we addressed in Myers I, their argument is unconvincing. Just as in Myers I, Bell again argues that the requirements of the res judicata statute have not been met under the facts presented. In support of its argument, Bell raises no new issues, and cites no facts that were not before us in Myers I.
|9We therefore conclude that, pursuant to the law of the case doctrine, our reconsideration of these issues is barred. Accordingly, the trial court did not err by issuing the Order reiterating that the liability for the helicopter crash had been determined and setting the matter for trial on damages.

II. Granting of Exception in LeBoeuf

Bell argues, for the same reasons asserted in its attempt to defeat the application of the law of the case doctrine, that the trial court erred by granting the exception of res judicata in LeBoeuf The LeBoeuf plaintiffs counterargue that if we were to reverse the granting of that exception, they would be unfairly placed in a different position than the other passengers in the helicopter. We agree that such a result would contravene the policy reasons behind Louisiana’s adoption of a broad concept of res judicata.
With regard to the issue of liability, the Myers plaintiffs and the LeBoeuf plaintiffs are in the same legal position because their interests were adequately represented by PHI in the Tucker litigation. Myers I, supra, p. 9, 43 So.3d at 212; see also, Duffy v. Si-Sifh Corporation, 98-1400 (La. App. 4 Cir. 1/9/99), 726 So.2d 438. We therefore find that the trial court did not err by granting the exception of res judica-ta filed by PHI and the LeBoeuf plaintiffs.

III. Trial of Punitive and Compensatory Damage Issues

Bell argues that the trial court erred by ordering that the punitive and compensatory damages issues be tried together. Bell contends this order is improper because Bell’s liability for punitive damages pursuant to maritime law, an issue raised by plaintiffs but not yet addressed, will have to be tried along with the issue of what amount of compensatory damages are owed by Bell. In support of this argument, Bell cites La. C.C.P. art. 1562, which states:
|1ftA. If it would simplify the proceedings or would permit a more orderly disposition of the case or otherwise *528 would be in the interest of justice, at any time prior to trial the court may order, with the consent of all parties, separate trials on the issues of liability and damages, whether or not there is to be a jury trial on either issue.
B. If a defendant has been found liable by a jury, the court shall proceed with the trial on the remaining issues before the same jury unless all parties consent to a trial before a different jury.
C. Notwithstanding the provisions of Paragraph B of this Article, in a jury trial, the court may order, with the consent of all the parties, that a separate trial on the issue of damages shall precede a trial on the issue of liability.
D. If it would simplify the proceedings or would permit a more orderly disposition of the case or otherwise would be in the interest of justice, at any time prior to trial on the merits, the court may order, with the consent of all parties, a separate trial on the issue of insurance coverage, unless a factual dispute that is material to the insurance coverage issue duplicates an issue relative to liability or damages. The issue of insurance coverage shall be decided by the court alone, whether or not there is to be a jury trial on the issue of liability or damages.
We find nothing in this article that prohibits what the trial court has ordered in the instant case. Nor has Bell convinced us that trial of the punitive damage issues, including liability for said damages, before the same jury that is determining the amount of compensatory damages owed, would unduly influence or confuse the jury or prejudice Bell. We therefore decline to disturb the trial court’s Order.
CONCLUSION
Accordingly, for the reasons stated, the trial court’s March 22, 2011 Order and its judgment granting of the exception of res judicata urged by the LeBoeuf plaintiffs and PHI are affirmed.
AFFIRMED

. PHI had purchased the helicopter from Bell approximately fourteen years prior to the accident and had used it to ferry offshore workers to and from oil platforms. As a result of the accident, the helicopter was declared a total loss.

. Myers v. National Union Fire Ins. Co., 2009-1517 (La.App. 4 Cir. 5/19/10), 43 So.3d 207, writ denied, 2010-2049 (La. 11/12/10), 49 So.3d 892.

. See Tucker v. Petroleum Helicopters, Inc., 2008-1019, p. 16 (La.App. 4 Cir. 3/23/09), 9 So.3d 966, 976 (quoting the trial court's judgment).

. Tucker v. Petroleum Helicopters, Inc., 2008-1019 (La.App. 4 Cir. 3/23/09), 9 So.3d 966, writ denied, 2009-0901 (La.6/19/09), 10 So.3d 736.

.Myers v. National Union Fire Ins. Co. of Louisiana, 2009-1517, p. 4 (La.App. 4 Cir. 5/19/10), 43 So.3d 207, 210.

. Myers, supra, writ denied, 2010-2049 (La.11/12/10), 49 So.3d 892.

. The March 22, 2011 Order is immediately appealable as a partial final judgment on liability pursuant to La.Code Civ. Pro. arts. 1911 and 1915(A)(5).

. The petition was filed against AIG Aviation, Inc. as the alleged insurer of PHI.

. Because of Michael LeBoeuf’s subsequent death in an accident unrelated to the helicopter crash at issue here, his child was substituted as plaintiff.