ROLAND L. BELSOME, Judge.
hln compliance with the directive of the Louisiana Supreme Court, Wayne Marable, et al v. Empire Truck Sales of Louisiana, LLC, et al.,[1] remanding this matter for consideration on the merits, we consider the relators’ request for review of the trial court’s denial of their exceptions of res judicata.

Standard of Review

In Countrywide Home Loans Servicing, LP v. Thomas, 12-1304 (La.App. 4 Cir. 3/20/13), 113 So.3d 355, 357, writ denied, 13-0894 (La.5/31/13), 118 So.3d 397, this Court articulated that appellate courts review issues of fact in connection with an exception of res judicata under a manifest error or clearly wrong standard; however, appellate courts review issues of law de novo. Additionally, because the legal doctrine of res judicata is stricti juris, any doubt regarding its applicability must be resolved against its application. Fletch-inger v. Fletchinger, 10-0474 (La.App. 4 Cir. 1/19/11), 56 So.3d 403. Finally, the moving party bears the onus of proving the essential elements of res judicata. Porter v. Louisiana Citizens Prop. Ins. Corp., 11-0101 (La.App. 4 Cir. 8/31/11), 72 So.3d 946.
*1071 | ¡facts and Procedural History
The facts of this case are not in dispute. The only question before this Court is whether a comatose interdict was properly before the trial court when motions for summary judgment were granted, dismissing the relators, Daimler Trucks North American, LLC (DTNA) and KLLM Transport Services, LLC (KLLM), from the suit with prejudice.
Connie Marable (Connie) was seriously injured in an accident when her husband’s freight truck allegedly shifted into forward gear, and dragged her underneath the vehicle.
Connie was rendered comatose and subsequently interdicted. Her husband Wayne Marable (Wayne) was appointed curator. The interdiction proceeding was filed in Orleans Parish Civil District Court and was allotted to Division “D”. Following the interdiction, Wayne filed suit personally and on behalf of Connie against Empire Truck Sales (Empire) and its general manager Curtis Hudspeth (Hudspeth) in Orleans Parish Civil District Court (Marable suit), alleging that Empire’s faulty work or failure to work on the truck caused the accident which injured Connie. That suit was allotted to Division “I”.
Later, Bill and Engelique Jones (the Jones plaintiffs), Connie’s adult children from a previous marriage, filed suit on their own behalf in Orleans Parish Civil District Court (Jones suit) against not only Empire and Hudspeth, but also: Wayne; Great West Casualty Company, Wayne’s insurer; and DTNA and KLLM. More specifically, the petition claimed that DTNA was negligent in the defective design of the truck, and that KLLM, as Wayne’s employer and lessor of the freight truck, was responsible for the truck’s defective condition. At some point, the Jones suit was consolidated with the Mara-ble suit in Division “I”.
UOn September 13, 2013, DTNA and KLLM filed motions for summary judgment as to the Jones suit’s claims. Several months later, on January 6, 2014, Bill Jones filed a first amended and supplemental petition, reasserting the claims contained in the original petition and further asserting that he, as “undertutor” to Connie, brought the claims not only on behalf of himself, but also on behalf of Connie. However, at that point in time, Wayne was Connie’s curator and the only person who had authority to act on her behalf in a legal capacity.
At the hearing on the motions for summary judgment, the Jones plaintiffs maintained that they did not have sufficient evidence to oppose the motions. Accordingly, on January 24, 2014, the trial court granted DTNA and KLLM’s motions for summary judgment dismissing the claims against DTNA and KLLM with prejudice.
Thereafter, on March 10, 2014, Division “I” issued an order appointing Wayne and Mr. Jones co-curators of Connie: Wayne with respect to future litigation against Empire, including its excess insurer, Fireman’s Fund Insurance Company (Fireman’s Fund); and Mr. Jones with respect to future litigation against potential parties, including the relators, but excluding Empire and Fireman’s Fund. Thereafter, Mr. Jones on behalf of Connie filed a second supplemental and amending petition reasserting claims against all defendants contained in the original and first amending petitions and adding factual allegations against DTNA and KLLM in connection with the truck’s lack, of safety interlocks and precautions. DTNA and KLLM responded by filing exceptions of res judicata and/or motion to dismiss, arguing that the trial court’s January 2014 judgment granting their motions for summary judgment and dismissing the claims *1072 with prejudice precluded Mr. Jones’ reasserted claims.
|4Mr. Jones filed an opposition to the exceptions of res judicata arguing that the claims that were dismissed by the granting of summary judgment were brought on behalf of the Jones plaintiffs, personally, not on behalf of Connie, since Mr. Jones was legally barred from asserting such claims until he was assigned co-curator on March, 10, 2014. Connie’s rights, at the time the motions for summary judgment were granted, were exclusively represented by Wayne. The trial court denied relators’ exceptions of res judicata. Writ applications were filed in this Court and denied.[2] Subsequently, relators sought review from the Supreme Court. The Supreme Court remanded the matter to this Court for argument, briefing, and a full opinion.

Discussion

Louisiana’s res judicata statute provides in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
⅜ ⅝ ⅜ ⅜ ⅝
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
La. R.S. 13:4231.
The Louisiana Supreme Court has set forth five requirements that must be satisfied for a finding that a second action is precluded by res judicata: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the Ififirst litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Chevron USA, Inc. v. State, 2007-2469, p. 10 (La.9/8/08), 993 So.2d 187, 194.
The issue before this court questions whether the party currently asserting claims against DTNA and KLLM and the same party whose claims were dismissed when the motions for summary judgment were granted are the same.
DTNA and KLLM argue that the trial court’s judgment granting the motions for summary judgment and dismissing them with prejudice precluded Bill Jones’ reasserted claims. However, Mr. Jones maintains that at the time the motions for summary judgment were granted the only claims against DTNA and KLLM that existed were those brought by the Jones plaintiffs, in their individual capacity, not on behalf of Connie. Consequently, Connie has not brought suit against either of DTNA or KLLM before this time, and therefore the “same parties” requirement of res judicata cannot be met.
Mr. Jones cites to Burguieres v. Pollingue, 02-1385 (La.2/25/03), 843 So.2d 1049, to support that position. In Burgui-eres, the decedent’s children twice sued their aunt, who was decedent’s curatrix and executrix. After the testament was probated, the children filed suit to nullify the testament and alleged fraud, duress, and/or undue influence on the aunt’s part. The trial court nullified the will and disqualified the aunt as executrix, naming one of the children in her place. Id.
*1073 Subsequently, the children filed suit against the aunt, again, this time alleging breach of fiduciary duties and responsibilities as curatrix and trustee. Subsequently, the aunt filed an exception of res judi-cata, the trial court denied it, and this Court reversed. The Louisiana Supreme Court sustained the exception as |r,to claims against the aunt in her capacity as executrix, but denied the exception as to claims against her in her capacity as cura-trix and trustee. The Court provided a thorough examination of res judicata doctrine on same party’s capacities and concluded that:
Although not explicitly stated in the amended statute, we find the requirement in La. R.S. 13:4231 that the parties be the same in order for a second suit to be precluded by operation of res judica-ta retains this “identity of capacity” component. That is, under La. R.S. 13:4231 the parties are the same when they appear in the same capacities in both suits. We reach this conclusion based on the language of La. R.S. 13:4231, the history of this requirement in the law of res judicata, and the application of the doctrine in both the civil law and common law systems.
Burguieres, 02-1385, pp. 8-11, 843 So.2d at 1053-55.
DTNA and KLLM rely on Myers v. Nat’l Union Fire Ins. Co. of La., 09-1517 (La.App. 4 Cir. 5/19/10), 43 So.3d 207, to support their argument that res judicata applies. There, the plaintiffs were injured in an emergency helicopter landing. The first plaintiff filed suit against the operator of the helicopter, and the operator joined the manufacturer as a third-party defendant, raising issues of redhibition and breach of warranty.' The trial court entered a judgment against the manufacturer, allotting it one hundred percent fault for causing the malfunction which led to the emergency landing. The second plaintiff then filed suit against the operator, and manufacturer; after the allotment of fault in the first case, the trial court granted the second plaintiffs motion for summary judgment, ruling that the plaintiff had no fault in connection to the accident. Thereafter, the operator filed an exception of res judicata as to the manufacturer’s fault, since it had been adjudicated in the first plaintiffs suit. Id.
17Like Mr. Jones in the instant case, the manufacturer argued that the “same parties” prong of the res judicata analysis was not met, since the plaintiff in the first case was not the same plaintiff in the subsequent case. The trial court granted and this Court affirmed the exception of res judicata as to the manufacturer’s liability. This Court reasoned that there was, in fact, identity of the parties. Because both trial courts freed plaintiffs from liability, the only potentially liable parties to both actions, the operator and manufacturer, were in the same position in the first and second cases and thus appeared in the same capacities. Furthermore, the Court articulated, the second plaintiffs interests were adequately represented in the first case stating that “the preclusive effect of an earlier judgment could bind a nonparty plaintiff whose interests were adequately represented in the prior litigation.” Myers, 09-1517 p. 9, 43 So.3d at 212 (citing Forum for Equality PAC v. McKeithen, 04-2551 (La.1/19/05), 893 So.2d 738).
We find the Myers case distinguishable from this matter. The record before this Court is void of any representation on the part of Connie in opposing the relators’ motions for summary judgment.[3] The *1074 Jones plaintiffs represented on the record at the hearing for the motions for summary judgment that they were there on behalf of themselves, and there was no mention of them representing Connie’s interest at the hearing. Once Mr. Jones was appointed as Connie’s co-curator his legal capacity changed and he was no longer prohibited from asserting claims on Connie’s behalf. Therefore, the January 24, 2014 judgments dismissing claims against DTNA and KLLM cannot preclude the claims brought by Mr. Jones in his | ^capacity as Connie’s co-curator. Accordingly, the “same parties” requirement cannot be satisfied under these circumstances and the trial court was correct in denying the DTNA and KLLM’s exceptions of res judicata.
WRIT DENIED

. 14-2652, 14-2703 (La.3/6/15) 2015 WL 1378775, 2015 WL 1378780.

. Marable v. Empire Truck Sales of Louisiana, LLC, 14-1082, 14-1102 (La.App. 4 Cir. 11/20/14) (J. Ledel dissenting).

. At the time the motions were heard, Connie's representative, Wayne had not asserted any claims against DTNA and KLLM and therefore, did not have any legal authority to *1074 support or oppose the motions for summary judgment.