CLIMMIE CRAFT       *       NO. 2024-C-0602

VERSUS       *

      COURT OF APPEAL

CROWLEY MARINE       *

SERVICES, INC. F/K/A DELTA       FOURTH CIRCUIT

STEAMSHIP LINES, INC.       *

      STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-11586, DIVISION "B"
Honorable Marissa Hutabarat
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Dale N. Atkins, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)

Kevin J. Lavie
Joseph E. Lee, III
PHELPS DUNBAR LLP
Canal Place, Suite 2000
New Orleans, 70130-6534

      COUNSEL FOR RELATOR/APPLICANT


David Ryan Cannella
Christopher C. Colley
Kristopher L. Thompson
Emily C. LaCerte
BARON & BUDD, P.C.
2600 Citibank, Suite 400
Baton Rouge, 70808

      COUNSEL FOR RESPONDENT

**WRIT GRANTED, JUDGMENT VACATED**
**September 25, 2024**

*RDJ*
*DNA*
*NEK*

Relator Crowley Marine Services, Inc. f/k/a Delta Steamship Lines, Inc. ("Relator") seeks supervisory review of the trial court's August 30, 2024 interlocutory judgment granting an exception of res judicata, motion for partial summary judgment, and/or motion to strike defenses. The trial court sustained the exception of res judicata, granted summary judgment, and struck all defenses concerning any issue that had been actually litigated and determined in Mr. Jerry Craft's ("Mr. Craft") case.[1] On the exception of res judicata, the trial court found:

> Under Louisiana R.S. 13:4231, there is issue preclusion as to the 2018 final judgment finding Jerry Craft was occupationally exposed to asbestos while employed by defendants James J. Flanagan Shipping Corporation and Crowley Marine Services, Inc., who were both found to be at fault for his exposure and asbestos-related diagnosis of mesothelioma. Accordingly, the exception of res judicata as filed by the plaintiff in this matter is sustained.

In Relator's writ application, Relator alleges that res judicata does not apply because the parties are not the same and the causes of action asserted in the case *sub judice* did not exist at the time of the final judgment in Mr. Craft's case. Relator further alleges that a res judicata ruling will hinder its ability to argue

---

[1] Civil District Court for the Parish of Orleans, Case No. 2017-06069. ("Mr. Craft's Case") The appeal for this case is *Craft v. Ports America Gulfport, Inc.*, 18-0814 (La. App. 4 Cir. 5/8/19), 273 So. 3d 517.

1

whether Mr. Craft had significant exposure to asbestos such that the amount he brought home caused Respondent Climmie Craft's ("Respondent") lung cancer. Respondent argues that although res judicata applies under La. R.S. 13:4231, the court's ruling does not prevent Relator from arguing the extent of Respondent's exposure to asbestos through her husband and that Relator owed a duty to Respondent. After reviewing the Relator's application and Respondent's opposition, we grant the Relator's writ.

According to La. R.S. 13:4231, res judicata applies:

> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

To succeed on a res judicata claim, the following five elements must be met:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Kimball v. Kamenitz*, 21-0101, p. 21 (La. App. 4 Cir. 10/26/21), 331 So. 3d 474, 488 (quoting *Myers v. Nat'l Union Fire Ins. Co. of La.*, 09-1517, p. 7 (La. App. 4 Cir. 5/19/10), 43 So. 3d 207, 211).

Pursuant to the elements outlined in *Kimball*, the res judicata claim fails. The case does not involve the same parties nor did the cause of action asserted in the Respondent's suit exist at the time of the final judgment in Mr. Craft's case. When evaluating whether the same parties requirement of res judicata is satisfied, the identity of the parties in the first and subsequent action "must at least be in privity with each other." *In re Parish*, 81 F.4th 403, 415 (5th Cir. 2023). "[A] privy is defined as 'one who, after the commencement of an action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase or assignment.'" *Alpine Meadows, L.C. v. Winkler*, 49,490, p. 13 (La. App. 2 Cir. 12/10/14), 154 So. 3d 747, 757-58 (quoting *Five N Company, L.L.C. v. Stewart*, 02–0181, p. 16 (La. App. 1st Cir. 7/2/03), 850 So. 2d 51, 61). "It is not sufficient to merely show that the party and the nonparty have common or parallel interests in the factual and legal issues presented in the respective actions." *Slaughter v. Atkins*, 305 F. Supp. 3d 697, 709 (M.D. La. 2018). Respondent and Mr. Craft are not the same party, and there is no privity by way of inheritance, succession, purchase, or assignment. Respondent and Mr. Craft have their own individual claim to asbestos-related exposure and simply because both parties have a common or parallel interest is not sufficient for res judicata to apply.

Further, the cause of action asserted in the case *sub judice* did not exist at the time of final judgment in Mr. Craft's case. The final judgment in Mr. Craft's case

is dated July 10, 2018. Respondent did not discover that she had asbestos-related lung cancer until on or about September 27, 2023.

Accordingly, we grant Relator's writ and vacate the August 30, 2024 interlocutory judgment granting an exception of res judicata, motion for partial summary judgment, and/or motion to strike defenses.

**WRIT GRANTED, JUDGMENT VACTED**