# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2011

No. 10-30698
Summary Calendar

Lyle W. Cayce
Clerk

FLOYD P. DONLEY, SR.,

Plaintiff - Appellant

v.

ALLEN ORDENEAUX, III, Officer, Amite City Police; JOEY PHILLIPS, Officer; DOMINIC CUTI, Sergeant; JERRY TRABONA, Police Chief; TED SIMMONS, Captain,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-cv-6422

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:*

Plaintiff Floyd P. Donley, Sr., proceeding *pro se*, filed this § 1983 action against various officers of the Amite City Police Department and the Tangipahoa Fire Department in Amite, Louisiana, stemming from his 2008 arrest for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30698

battery.  The district court granted summary judgment to the officers on the basis of qualified immunity.  We AFFIRM.

## I. BACKGROUND

Donley, a disabled U.S. veteran nearing 80 years old, visited Hudson's Dirt Cheap Store in Amite on September 24, 2008, to photograph what he believed to be physical safety hazards lurking in the facility.  He had previously complained of these hazards to the store's management.  Shortly after his arrival, store personnel asked Donley to leave.  Donley allegedly refused to do so, and a brief scuffle ensued in which Donley allegedly struck the store manager, Velma Hingle, and the security guard, Allan Spallinger.  Someone called the police, and Officers Allen Ordeneaux, III, Joey Phillips and Sgt. Dominic Cuti were dispatched to the scene.  They questioned and arrested Donley.  Donley was later convicted in the Amite City Mayor's Court of simple battery against Hingle, although the conviction was later vacated by the St. Tammany Parish district court for procedural reasons not relevant here.

The Amite Police Department apparently conducted an internal investigation of the officers' conduct during Donley's arrest.  Donley requested a copy of the internal investigative file; his request was denied by Captain Ted Simmons.  Police Chief Jerry Trabona also refused to produce a copy of the investigative file.

On September 21, 2009, Donley filed a § 1983 complaint[1] *pro se* alleging false arrest and the use of excessive force by the three officers.  His complaint also named Chief Trabona for negligent hiring, negligent training, and refusal to provide a copy of the internal investigative report.  Finally, the complaint

---

[1] Donley's initial complaint was much broader, involving an additional defendant and claims under 18 U.S.C. § 241 and 18 U.S.C. § 242; the Fourth, Fifth and Sixth Amendments; and Louisiana state law claims.  His amended complaint refined his claims to those described here.

2

named Captain Ted Simmons for refusing to provide the internal report, for failing to fire Sgt. Cuti, and for allegedly threatening to sue and arrest Donley. The district court granted the officers' motion for summary judgment on the basis of qualified immunity. Donley's claims were dismissed with prejudice, and the officers were awarded costs. Donley appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. STANDARD OF REVIEW

"We review the district court's summary judgment decision *de novo*, using the same standard as the district court. More specifically, '[w]hether a government official is entitled to qualified immunity, to the extent that it turns on a question of law, is a question that we review *de novo* . . . .' In making this determination, we review the facts in the light most favorable to the non-moving party. Thus, in this case we review the facts in the light most favorable to the plaintiff[]." *Roberts v. City of Shreveport*, 397 F.3d 287, 291 (5th Cir. 2005) (internal citations omitted).

## III. DISCUSSION

"Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). Our qualified immunity analysis considers: (1) whether Donley's constitutional rights were violated; and (2) whether that right was clearly established at the time of the officers' alleged misconduct. *Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). Donley bears the burden of overcoming the officers' qualified immunity defense. *Bennett v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir. 1989).

No. 10-30698

The three arresting officers – Ordeneaux, Phillips and Cuti – assert that they enjoy qualified immunity for Donley's claims. We agree. Donley cannot show that his constitutional rights were violated because the arresting officers had probable cause to arrest Donley at the Dirt Cheap Store.

The record indicates that the officers responded to a call from the store complaining about Donley. They interviewed witnesses on site who attested to Donley's allegedly battery. This gave the officers "knowledge sufficient to warrant a prudent man in believing that the person arrested had committed . . . an offense." *Gladdin v. Roach*, 864 F.2d 1196, 1199 (5th Cir. 1989). In addition, we agree with the district court's determination that there is no evidence in the record to support Donley's claims that the officers used excessive force. Since Donley has not established that his constitutional rights were violated, the three arresting officers are entitled to qualified immunity.

Police Chief Trabona and Captain Simmons also assert that they enjoy qualified immunity against plaintiff's claims. We agree. As the district court noted, Donley has no constitutional right to receive copies of an internal investigative report. *See, e.g., Moore v. Illinois*, 408 U.S. 786, 795 (1972) ("We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case."). And there is no evidence in the record that Chef Trabona or Captain Simmons were negligent in hiring or retaining the three arresting officers.

For these reasons, we **AFFIRM**.

4