# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2013

No.  11-31159
Summary Calendar

Lyle W. Cayce
Clerk

FLOYD P. DONLEY, SR.,

Plaintiff - Appellant

v.

HUDSONS SALVAGE, L.L.C.; LINDA COX;
VELMA ELAINE HINGLE; ANGIE CARTER;
LOIS PELTIER; JERRY HOLIFIELD;
ALAN SPALLINGER; ALLEN ORDENEAUX, III;
SERGEANT VARNADO; TED SIMMONS;
JERRY TRABONA; CHARLES REID;
AMITE CITY COUNCIL; JOEY PHILLIPS;
DOMINIC CUTI; REGINALD GOLDSBY,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-cv-3223

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  11-31159

Before us on appeal is the fifth in a series of lawsuits filed by the plaintiff, Floyd Donley, in relation to a single incident.  This suit rehashes claims already raised in prior suits against largely the same defendants, who can be divided into two groups: Ordeneaux, Phillips, Cuti, Trabona, Simmons, Varnado, Reid, Goldsby, and the Amite City Council (collectively, the "Amite Defendants") and Cox, Hingle, Spallinger, Peltier, Carter, Holifield, and Hudson's Salvage, LLC (collectively, the "Hudson's Defendants").  Because all of Donley's claims are precluded under res judicata, we AFFIRM the district court's decision.

## BACKGROUND

In September 2008, Donley was in a store owned by Hudson's Salvage, LLC ("Hudson's Salvage") photographing what he believed to be safety violations.  A store employee called the police, and Officer Ordeneaux was dispatched to the investigate the complaint that Donley refused to leave.  When Ordeneaux arrived, Cox, a store manager, told him that Donley was verbally combative and refused to leave the store.  Cox also told Ordeneaux that Donley struck Hingle, a store employee,[1] and Spallinger, a private security officer on duty at the store.  Cox had already called for ambulances for Hingle and Donley.[2]

Donley refused Ordeneaux's request for his driver's license and, according to affidavits from Ordeneaux and Officer Phillips, was verbally combative. Donley gestured sharply at Ordeneaux.  Ordeneaux stated that Donley "lunged at me with a closed fist as if to strike me."  Phillips stated that Donley "raised his arms above his head and walked toward Officer Ordeneaux in a threatening manner." Ordeneaux then handcuffed Donley.  The store surveillance video does not show Donley lunging at Ordeneaux or raising his arms above his head, and it does not conclusively show whether Donley gestured with a closed fist, but it

---

[1] The store surveillance video does not conclusively show whether Donley struck Hingle.

[2] Donley was complaining of chest pains and dizziness.

No. 11-31159

does show Donley abruptly gesturing and that Ordeneaux did not touch Donley prior to handcuffing him. The officers remained with Donley until the ambulance arrived.

Hospital staff examined and released Donley. The officers allowed him to visit his personal physician for a second opinion, but instructed him to surrender to the Amite City Police Department the next day. Donley surrendered to the police the next day and was booked for two counts of simple battery.

Donley was convicted of one count of simple battery on Hingle by Magistrate Reid in the Amite City Mayor's Court. The conviction was dismissed on appeal.

Donley has filed four prior civil actions based on his arrest and subsequent conviction.[3] In his first suit, Donley filed a § 1983 complaint in the Eastern District of Louisiana against a paramedic not named in this action and appellees Ordeneaux, Phillips, Cuti, Trabona, and Simmons in their capacities as employees of Amite City. The lower court granted summary judgment and dismissed Donley's claims on the basis of qualified immunity, and we affirmed. *Donley v. Ordeneaux*, 419 F. App'x 519, 520 (5th Cir. 2011), *cert. denied*, No. 11-149, 2011 WL 3420716 (Oct. 11, 2011). In his second suit, Donley sued Reid in state court in his capacity as City Attorney and Magistrate of Amite City. The trial court granted Reid's peremptory exception of no cause or right of action and dismissed Donley's suit on the ground that Reid enjoyed judicial immunity for all of his official acts as presiding officer of a major's court, and the appellate court affirmed. *Donley v. Reid*, No. 2010-1217, 2010 WL 5487149, at *1 (La. App. 1st Cir. Dec. 22, 2010), *writ denied*, 61 So. 3d 669 (La. 2011), *cert. denied*, 79 U.S.L.W. 3712 (2011). In his third suit, Donley sued Hudson's Salvage, Cox, Hingle, Spallinger, Peltier, and Holifield "for personal injury, false arrest and

---

[3] The district court only considered three of these suits because the defendants did not submit evidence regarding the allegations, parties, or disposition of the fourth suit.

No.  11-31159

imprisonment, defamation, malicious prosecution, and violation of his civil rights," arising out of his arrest and trial. *Donley v. Hudson's Salvage, LLC*, No. 2010-1315, 2010 WL 5480438, at *1 (La. App. 1st Cir. Dec. 22, 2010).  The appellate court reversed the trial court's decision in favor of the defendants for malicious prosecution and defamation and affirmed the trial court's decision in favor of the defendants on all other claims.  The remaining claims for malicious prosecution and defamation are pending in Louisiana state court as of the filing of the Hudson's Defendants' brief.

The district court in this case held that the three prior judgments against Donley preclude all of his claims against the defendants who were parties to Donley's prior suits.[4]  The district court held that Donley's claims against the remaining defendants are also barred by claim preclusion.[5]  The district court also held that the defendants were entitled to summary judgment on Donley's § 1983 claims because there is no vicarious liability under § 1983, the Hudson's Defendants are not state actors, and no cause of action for malicious prosecution exists under § 1983.  The district court granted summary judgment in favor of the defendants on Donley's conspiracy claim under § 1983 because Donley produced no evidence of an agreement among any of the defendants to do an illegal act.  The district court held that Donley's claims against Reid are barred by judicial immunity and that his defamation claims based on testimony by the defendants are barred by witness immunity.  The district court held that all of Donley's state law claims, except for malicious prosecution, have prescribed and that, in regard to his malicious prosecution claim, Donley could not establish that the officers did not have probable cause to arrest him.

## STANDARD OF REVIEW

---

[4] Those defendants are: Cox, Hingle, Peltier, Holifield, Spallinger, Ordeneaux, Simmons, Trabona, Reid, Phillips, Cuti, and Hudson's Salvage.

[5] Those defendants are: Carter, Varnado, Goldsby, and the Amite City Council.

4

No. 11-31159

"This court reviews the district court's grant of summary judgment *de novo*, applying the same standards as the district court. Summary judgment is warranted if 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is not genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009) (internal citations omitted).

The Full Faith and Credit Statute, 28 U.S.C. § 1738, "'requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" *Sevin v. Parish of Jefferson*, 632 F. Supp. 2d 586, 594 (E.D. La. 2008) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982)). "In determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment." *Weaver v. Tex. Capital Bank N.A.*, No. 10-10835, 2011 WL 4910018, at *4 (5th Cir. Oct. 17, 2011) (citations omitted). As the Louisiana res judicata statute "is modeled on federal preclusion doctrine and the Restatement on Judgments, federal jurisprudence may be consulted when the relevant Louisiana cases leave doubt at to the meaning of the statute. *Sevin*, 632 F. Supp. 2d at 595. The federal common law of claim preclusion:

> bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. The test for claim preclusion has four elements: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the same action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. . . . When all four elements are present, claim preclusion prohibits a litigant from asserting any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action.

No. 11-31159

*Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) (quotation marks and citations omitted).

This court has held that res judicata is justified "where the non-party's interests were adequately represented by a party to the original suit." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). "[A] non-party will be considered 'in privity, or sufficiently close to a party in the prior suit so as to justify preclusion,' where the party to the first suit is so closely aligned with the nonparty's interests as to be his 'virtual representative.'" *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1297 (5th Cir. 1992) (quoting *Benson & Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174–75 (5th Cir. 1987)). Under Louisiana law, "the preclusive effect of an earlier judgment could bind a nonparty . . . whose interests were adequately represented by parties to the prior litigation." *Williams v. Orleans Levee Dist.*, 31 So. 3d 1048, 1049 (La. 2010) (citing *Forum for Equality PAC v. McKeithen*, 893 So. 2d 738, 745 (2005)).

While we "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cueller*, 59 F.3d 523, 524 (5th Cir. 1995) (citation omitted).

## DISCUSSION

Donley lists eighteen separate issues in his appellate brief (two issues are labeled in Donley's brief as "Issue III"). For the sake of clarity, we will address each in turn.

1. Donley argues that Magistrate Judge Wilkinson was biased against him in his ruling granting the Amite Defendants summary judgment. The only indications of Judge Wilkinson's bias that Donley points toward are his unsupported assertion that Judge Wilkinson's "assessment of the [store surveillance video] does not appear to be even-handed" and that Judge

No. 11-31159

Wilkinson granted the defendants summary judgment knowing that Phillips, Ordeneaux, and Cuti had submitted false documents with the intent to mislead the court. There is no proof of bias.

2. Donley argues that Reid committed "Fraud on the Courts" by serving as both Town Attorney and Town Magistrate. Donley previously made this argument in another suit. *Reid*, 2010 WL 5487149, at *3. Because Reid was party to the prior suit, because the Louisiana court was one of competent jurisdiction, because that court made a final judgment against Donley on the merits, and because the same claim was involved in both suits, the district court in this case correctly held that Donley's claim was precluded.

3A. Donley argues that Detweiler, the Amite Defendants' attorney, committed "Fraud on the Courts" by "injecting his own testimony in violation of Attorney Ethics, altering defendant testimony, documents, omitting known evidence, [and] misleading the Court by citing a Town Court conviction that is not admissible evidence." Donley contends that Detweiler submitted perjured affidavits from the police officers involved, made a false statement to the court concerning when Donley was arrested, altered wording in Ordeneaux's and Phillip's affidavits, and withheld evidence favorable to Donley. The affidavits and other evidence Donley refers to concern claims against the Amite Defendants precluded by his prior suit. *Ordeneaux*, 419 F. App'x at 520.

3B. Donley argues that the district court erred in dismissing his motion for summary judgment. The district court held that all of Donley's claims were precluded under res judicata. Although Donley still has claims for defamation and malicious prosecution pending in state court, the district court properly held that those claims were precluded in federal court by the judgments in *Ordeneaux*, 419 F. App'x 519, and *Reid*, 2010 WL 5487149, because they arose out of the same transaction as the claims in those cases and could have been

7

raised in those suits.[6]  Donley claims that res judicata should not apply due to "exceptional circumstances," namely that he was denied evidence, documents were altered, the defendants misled the court, that the store surveillance video confirms his version of events, and there was "general . . . manifest injustice." The Louisiana res judicata statute makes an exception where "exceptional circumstances justify relief from the res judicata effect of the [prior] judgment." La. Rev. Stat. § 13:4232(A)(1).  *But see Avenue Plaza, LLC v. Falgoust*, 676 So.2d 1077, 1079 (La. 1996) ("Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment's error.") (citations omitted).  The Louisiana statute gives the court "discretion [that] must be exercised on a case by case basis and . . . granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated." *Spear v. Prudential Prop. and Cas. Ins. Co.*, 727 So.2d 640, 642–43 (1999).  Donley's mere allegations do not amount to exceptional circumstances.

4.  Donley argues that the district court erred in granting the Amite and Hudson's Salvage Defendants' motions for summary judgment.  For the same reasons that the district court did not err in dismissing Donley's motion for summary judgment, it did not err in granting the Amite and Hudson's Salvage Defendants' motions for summary judgment.

5.  Donley argues that district court erred in holding Donley's claims against Reid and Goldsby were barred by immunity. The district court properly held that Donley's claims against both were precluded.  A court of competent jurisdiction previously held that Donley's claims against Reid were barred by judicial immunity.  *Reid*, 2010 WL 5487149, at *2–3. While Goldsby was not party to Donley's prior suit, Donley added him to this suit on the theory that, as

---

[6] *Ordeneaux* and *Reid* were affirmed on appeal after the appellate court's decision in *Hudson's Salvage*, 2010 WL 5480438.

mayor, he illegally recommended to the Amite City Council that they illegally appoint Reid as magistrate despite already serving as City Attorney. Goldsby has the same interest in defending Reid's authority as magistrate as Reid did in the prior case. Because Reid appeared in the "same quality or capacity" and adequately represented the interests of Goldsby in the prior suit, Donley is precluded from arguing that Reid and Goldsby are not protected by immunity.

6. Donley argues that the district court erred in holding Donley's claims against the officers were barred by immunity. The lower court only addressed immunity for the officers in holding that Ordeneaux, Phillips, and Cuti were immune from suit for claims based on their testimony against Donley at his criminal trial. "[W]itnesses are entitled to absolute immunity against § 1983 suits based on their testimony in a criminal trial." *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 277 (5th Cir. 2001) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)). Donley also argues that the officers are not entitled to qualified immunity; however, Donley's arguments are precluded by a prior judgment. *Ordeneaux*, 419 F. App'x at 520.

7. Donley argues that the district court "abused its discretion when viewing the Evidence." Because the district court correctly held that all of Donley's claim were precluded by prior judgments, we need not and do not review whether the district court properly viewed the evidence on summary judgment in the light most favorable to Donley.

8. Donley argues that Blondell, attorney for the Hudson's Defendants, was not admitted to the bar to practice in the district court. Donley did not raise this issue before the lower court, and accordingly it is waived. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1998).

9. Donley argues that an unbiased viewer of the store surveillance video could not conclude that Donley was not "excessively abused and Cruel and inhuman punishment inflicted." This court, in reviewing the district court's

grant of summary judgment, applies the same standard as the district court. *DePree*, 588 F.3d at 286. Facts are to be "construed in the light most favorable to the nonmovant." *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). The district court's treatment of the facts in this case, however, is not relevant because all of Donley's claims are precluded by judgments in prior suits.

10. Donley argues that the district court did not accord him the consideration due to *pro se* plaintiffs in denying several motions to compel. We review a district court's decision whether to order production of discovery for abuse of discretion. *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010) (citation omitted). The district court was obliged to construe Donley's motions liberally, but Donley is not free from the rules of the court. In each order denying a motion to compel, the district court stated its reasons. Despite this Donley repeatedly filed motions to compel containing the same deficiencies. As such, the magistrate judge did not abuse his discretion in denying Donley's motions to compel.

11. Donley argues that the police arrested him without a proper warrant. His claim is precluded by a prior judgment. *Ordeneaux*, 419 F. App'x at 520.

12. Donley argues that he was "subjected to Manifest Injustice by the manipulations of the Amite defendants and/or their attorney." Donley appears to rely on the same arguments he made in contending that Detweiler, the Amite Defendants' attorney, committed "Fraud on the Courts" in Issue 3A. Accordingly, these arguments are precluded by the judgment against Donley in *Ordeneaux*. 419 F. App'x at 520.

13. Donley argues that the district court committed reversible error when it allowed the defendants to cite the Mayor's Court trial in USDC Cases 2:09cv6422 and 2:10cv3223. *Donley v. Ordeneaux*, No. 2:09cv6422, 2010 WL 2836115 (E.D. La. Jul. 16, 2010), is not before us on appeal. In regards to this case, it is unclear what Donley is referring to; the Magistrate Judge's opinion did

No. 11-31159

not rely on Donley's Mayor's Court trial in holding against him. "Although we liberally construe *pro se* briefs, such litigants must still brief contentions in order to preserve them." *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007) (citation omitted).

14. Donley argues that the district court erred by not sufficiently explaining why his motions to compel were denied. The district court denied nine motions to compel filed by Donley in eight separate orders. (E.D. La. 2:10cv3223, ECF Nos. 34, 44, 45, 48, 49, 57, 71, 102.) One was denied as moot, and the district court provided specific reasons for each of the other motions. Donley failed to provide the court with a copy of the subject requests in violation of the local rules (Nos. 44, 45, 57), failed to notice for hearing and provide indication that he contacted opposing counsel beforehand (Nos. 48, 49, 71), and submitted motions to compel that were "vague and perfunctory" (No. 102).

15. Donley argues that the editing of the store surveillance video violated his rights by omitting scenes that favored him. The only direct reference to this argument, however, that he makes in his brief is the statement that the video does not show him being assaulted by Officer Cuti because it panned away beforehand. Donley does not state how this should have changed the district court's holding. The Magistrate Judge acknowledged the video was sometimes inconclusive and did not show everything relevant that happened, but the court need only look to affidavits and deposition testimony and interpret the facts in the light most favorable to the nonmovant in addressing off-camera actions. Donley also does not state why the editing of the store surveillance video would defeat the preclusive effect of the prior judgments against him.

16. Donley argues that the defendants concealed or conspired to conceal evidence. Donley makes conclusory statements of a conspiracy and multiple references to "perjured" statements by the defendants in his brief. Unsupported statements alone are insufficient grounds to overturn the district court.

11

17.  Donley argues that the district court's decision in USDC Case 2:09-cv-6422 was influenced by the concealment, alteration, or withholding of evidence. *Donley v. Ordeneaux*, 2010 WL 2836115, is not before us on appeal.

## CONCLUSION

Because the district court did not err in granting the Amite Defendants' and Hudson's Defendants' motions for summary judgment on the basis of res judicata and because each of Donley's other arguments are without merit, the district court's judgment is **AFFIRMED.**