MADELEINE M. LANDRIEU, Judge.
|) Louise Thibodeaux Gonzales appeals the trial court’s May 21, 2012 judgment which dismissed her petition on the grounds of res judicata, finding that the matter had already been adjudicated by means of a prior district court judgment dated October 11, 2010. For the reasons that follow, we affirm.
FACTS AND PROCEEDINGS BELOW
Louise Thibodeaux Gonzales [“Ms. Gonzales”] was the wife of Eldridge B. Gonzales, Sr. at the time of his death on October 2, 1982. Cynthia Gonzales Pent-ney, Eldridge’s daughter by his prior marriage to Dianna McNabb, instituted this action in the 34th Judicial District Court for the Parish of St. Bernard on October 8, 1982, by filing a petition to be appointed administratrix of the successions of her father and mother (who had died in 1979), both of whom had died intestate (according to Ms. Pentney’s petition). Ms. Pentney further alleged that the only other child born to her parents was her brother, El-dridge Gonzales, Jr., who was a minor at the time. In November of 1982, Ms. Pent-ney was appointed administratrix.
lain 1983, Ms. Gonzales filed a petition as the surviving spouse of Eldridge Gonzales, Sr., to have the appointment of Ms. Pentney as the administratrix of his estate rescinded. Ms. Gonzales alleged that her husband had left a will designating her as executrix and leaving her a lifetime usu-fruct over his estate, which included their home and the property upon which it was located in St. Bernard Parish. Ms. Gonzales also sought to probate Mr. Gonzales’s statutory will. The record before us contains an order setting the matter for hearing on October 15, 1987. There is a lapse of more than twenty years where nothing appears in the record. The next pleading filed is Ms. Gonzales’s “Petition for Filing and Execution of Statutory Testament and for Usufruct” dated June 28, 2011.[1]
In the interim, on August 5, 2005, Ms. Pentney and her brother (who by then had reached the age of majority) instituted a separate action, No. 105-100, assigned to a different division of the same district court, by filing a “Motion to Terminate Usufruct in Favor of Naked Owners.”[2] In this action, entitled “Eldridge Bernard Gonzales, Jr., et al v. Louise Thibodeaux Gonzales,” the son and daughter of Mr. Gonzales acknowledged that their father’s second wife, Louise Gonzales, had been granted by testament the usufruct over certain immovable property (their family *249 home) of which they were the naked owners. They further alleged that Ms. Gonzales’s usufruct should be terminated due to her abuse, neglect and ^abandonment of the property. On August 21, 2008, the district court entered a default judgment terminating Ms. Gonzales’s usufruct and recognizing the petitioners as full, unencumbered owners of the property. Ms. Gonzales brought a petition to annul the default judgment for lack of proof of service and alternatively, a motion for new trial. Ms. Pentney and her brother filed an exception of no right of action with regard to the petition to annul. A trial on the merits of the motion to terminate the usufruct and the exception of no right of action was held on September 8, 2010. On October 11, 2010, the district court in Case No. 105-100 rendered a written judgment maintaining the exception of no right of action, rejecting Ms. Gonzales’s claim as usufructuary, and recognizing the entitlement of Ms. Pentney and her brother to the full, unencumbered ownership of the property. No appeal was taken from this judgment.
Then, as previously stated, Ms. Gonzales in June of 2011 filed into the instant action (District Court Case No. 42-844, which had been pending since 1982 and dormant since 1987) a petition for the execution of Mr. Gonzales’s statutory will and for recognition of her usufruct over the family home. In her petition, Ms. Gonzales represented that she had lived in the home until it was made uninhabitable by Hurricane Katrina in 2005, and that she was seeking a judgment recognizing her as usufructuary in order to obtain a “Road Home:” grant to rebuild the residence. On August 31, 2011, Ms. Pentney and her brother filed an exception of res judicata based upon the prior judgment issued in Case No. 105-100. The trial court initially denied the exception on January 11, 2012 without giving ^reasons, but allowed the probate of the will to proceed. After a hearing on February 10, 2012, however, the trial court signed a written judgment on May 21, 2012 dismissing Ms. Gonzales’s petition. That judgment first declared that the parties had stipulated that Mr. Gonzales’s will be admitted to probate, and that the court could decide the issue of the ownership of the usufruct. The judgment further stated that: “the Judgment on Rule of October 11, 2010 in matter No. 105-100 of this Court bars the bringing of this action because the matter has been adjudicated and the exception of Res Judi-cata is maintained.”
Ms. Gonzales now appeals that judgment. _
STANDARD OF REVIEW/APPLICABLE LAW
The standard of review of an exception of res judicata requires an appellate court to determine if the trial court’s decision is legally correct or incorrect. R-Plex Enterprises, LLC v. Desvignes, 2010-1387, pp. 2-3 (La.App. 4 Cir. 2/9/11), 61 So.3d 37, 39 (citing Myers v. National Union Fire Ins., 2009-1517, p. 5 (La.App. 4 Cir. 5/19/10), 43 So.3d 207, 210). The Myers court further noted that “a final judgment has the authority of res judicata only as to those issues presented in the pleading and conclusively adjudicated by the court.” Myers, 2009-1517, p. 5, 43 So.3d at 210. The doctrine of res judicata is stricti juris and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application. Id.
The doctrine of res judicata in Louisiana is set forth in La. R.S. 13:4231, which provides, in pertinent part:
| .^Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on ap *250 peal or other direct review, to the following extent:
* ⅝ * * *
3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The Louisiana Supreme Court has held that five elements must be satisfied for a finding that a second action is precluded by res judicata: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Chevron USA, Inc. v. State, 2007-2469, p. 10 (La.9/8/08), 993 So.2d 187, 194.
ISSUES
Ms. Gonzales asserts that the trial court erred by: (1) re-litigating the issue of res judicata after having denied the exception; (2) rendering judgment on issues that were not properly before it; and (3) maintaining the exception despite a lack of sufficient evidence to support the elements of res judicata as set forth above.[3]
DISCUSSION
Ms. Gonzales first argues that the trial court violated the law of the case doctrine by re-litigating the exception of res judicata after initially denying it, even ^though the defendants had not filed a motion for new trial or a second exception of res judicata. We disagree.
The law of the case doctrine refers to “(a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate court rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case.” Bank One, Nat. Ass’n v. Velten, 2004-2001, pp. 5-6 (La.App. 4 Cir. 8/17/05), 917 So.2d 454, 458 (quoting Petition of Sewerage and Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973)). Unlike the statutory doctrine of res judicata, however, the jurisprudential doctrine of law of the case is a discretionary guide that will not be applied inflexibly. Id., 2004-2001, p. 6, 917 So.2d at 459 (citing Petition of Sewerage and Water Bd., 278 So.2d at 83).
Thus, the law of the case doctrine should not bar reconsideration of a ruling that is palpably erroneous; nor should the doctrine be mechanically applied so as to accomplish manifest injustice. Id. In addition, Louisiana jurisprudence has recognized two other contexts in which the doctrine will not be applied, the first of which is present in the case before us. That is — the law of the case doctrine will not be applied to “supplant the Code of Civil Procedure provision which clearly permits a reconsideration of the overruling of peremptory exceptions.” Id., pp. 6-7, 917 So.2d at 459 (quoting Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 1094, 262 So.2d 328, 332-33). The exception of res judicata is a peremptory exception. See La. C.C.P. art. 927. Article 927 B lists res judicata as one of the 17peremptory exceptions that may be noticed by either the trial or the appellate court on its own motion. Moreover, because the denial of such an exception is an interlocutory ruling, it is not binding on the trial court under the law of the case *251 doctrine. See Babineaux, supra, pp. 1092-93, 262 So.2d at 332. As this court has stated: “It is well-settled that prior to final judgment a district court may, at its discretion and on its own motion, change the result of interlocutory rulings it finds to be erroneous.” VaSalle v. Wal-Mart Stores, Inc., 2001-0462, p. 5 (La.11/28/01), 801 So.2d 331, 334 (citing Babineaux, supra).
We therefore reject Ms. Gonzales’s argument that the trial court was without authority to reconsider and/or reverse its prior ruling denying the exception of res judicata.
Secondly, Ms. Gonzales asserts that the trial court erred by rendering judgment on an issue that was not properly before it. She contends that the only issue raised by her petition was the probate of the statutory testament, which had been presented to the court in 1983. She further argues that such probate does not require a hearing, but is automatic under La. C.C.P. art. 2891, which provides:
A notarial testament, a nuncupative testament by public act, and a statutory testament do not need to be proved. Upon production of the testament, the court shall order it filed and executed and this order shall have the effect of probate.
She therefore contends that the trial court erred by reaching the issue of her entitlement to the usufruct.
Ms. Gonzales’s contention that her 2011 petition sought only the probate of her husband’s will is belied by the language of the petition itself. The petition is 18entitled “Petition for Filing and Execution of Statutory Testament and For Usu-fruct.” (Emphasis supplied). It concludes by stating:
WHEREFORE, Petitioner prays that:
1. The attached Last Will and Testament of ELDRIDGE BERNARD GONZALES be ordered filed, registered and admitted to probate, and
2. Petitioner be granted the usufruct for life or remarriage over all of the property of which ELDRIDGE BERNARD GONZALES died possessed and ownership and possession of the disposable portion of the community property of the marriage. (Emphasis supplied).
In view of this language, we do not agree that the sole matter before the trial court was the probate of the will. Moreover, as stated previously, the fact that the trial court had already ruled on the defendants’ exception of res judicata did not preclude the court from reconsidering that ruling. Finally, the transcript of the February 2, 2012 hearing in the trial court reflects that counsel for both parties assented to the trial court’s deciding the issue of res judi-cata, and thus of Ms. Gonzales’s entitlement to the usufruct. The May 21, 2012 judgment confirms that stipulation. We therefore find no merit to the appellant’s argument that the trial court overstepped its authority by deciding issues that were not before it.
Ms. Gonzales’s final argument on appeal is that the trial court erred by concluding, based upon the evidence before it, that the elements of res judicata were satisfied. In considering the issue, the trial court specifically ordered the parties to produce the record of case No. 105-100 for his review. The trial judge then listened to the arguments of counsel, but there was no other evidence offered. After examining the record containing the 2010 judgment, the trial court judge stated from the bench that he was convinced 19that the matter had already been litigated and the “res” had been determined; therefore, the 2010 judgment rejecting Ms. Gonzales’s claim to the usufruct and grant *252 ing full, unencumbered ownership of the property to the defendants precluded re-litigation of that issue. We find no error in that conclusion.
A mere reading of the October 11, 2010 judgment leaves no doubt that the five elements of res judicata are all present in the instant case: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit (in this case, the ownership of the same exact property) existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence (in this case, the death of Eldridge Gonzales, Sr.) that was the subject matter of the first litigation. See Chevron USA, Inc. v. State, supra. No further evidence was necessary for the trial court to maintain the exception of res judicata.[4] We therefore find no merit to Ms. Gonzales’s final assignment of error.
CONCLUSION
Accordingly, for the reasons stated, we affirm the judgment of the trial court.
AFFIRMED.

. It is impossible to discern from this record the date on which Ms. Gonzales first presented the will for probate. Her 1983 petition declares that the will is being filed "herewith for probate.” Her 2011 petition states: "On an unknown date, Petitioner did bring the will into this court and the will was examined by the judge and returned to her.” The exhibits to the record include the original 1982 will contained in an envelope dated June 28, 2011, indicating that Ms. Gonzales filed the will with her 2011 petition.

. The record of case No. 105-100 was considered by the trial court in the instant action and was filed as a supplement to the record on appeal.

. In her brief the appellant asserts four assignments of error, which we have consolidated into three issues for the purposes of this appeal.

. Ms. Gonzales suggests in her brief that the elements of res judicata were not met because under the circumstances presented here, it is difficult to determine which action should be considered the "first” suit because the instant case was actually instituted in 1982, before the case that resulted in the judgment upon which the defendants based their exception. We decline to adopt such a hyper-technical interpretation of the judicial elements of res judicata. The fact situation presented here, involving a succession that was opened and then left dormant for more than twenty years, is unusual. For purposes of the exception raised here, we find it to be sufficient that the 2010 judgment preceded the judgment in the instant case, regardless of when each case was filed.