| THOMAS SAM AND KEITH SAM | * | NO. 2023-CA-0170 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| LOUISIANA STATE RACING COMMISSION | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-08665, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott)

Madro Bandaries
MADRO BANDARIES, P.L.C.
1127 2nd Street
New Orleans, LA 70130
-AND-
Arthur A. Morrell
MORRELL & MORRELL, LLC
4925 Moore Drive
New Orleans, LA 70122

      COUNSEL FOR PLAINTIFFS/APPELLANTS


Brett A. Bonin
Assistant Attorney General
Louisiana State Racing Commission
320 N. Carrollton Avenue, Suite 2-B
New Orleans, LA 70119


      COUNSEL FOR DEFENDANT/APPELLEE


      **MOTION TO DISMISS GRANTED; APPEAL DISMISSED**
          **OCTOBER 24, 2023**

NEK

TFL

SCJ

This civil appeal arises out of an appeal of Louisiana State Racing Commission (hereinafter "the Commission") rulings. Thomas Sam and Keith Sam (hereinafter collectively "Appellants") appeal the trial court's November 18, 2022 judgment granting an exception of lis pendens in favor of the Commission. For the reasons that follow, we dismiss the appeal as barred by the exception of res judicata.

### RELEVANT FACTUAL AND PROCEDURAL HISTORY

On October 24, 2019, the stewards at Delta Downs Racetrack in Calcasieu Parish issued rulings against Appellants for alleged animal cruelty. On the same day, Appellants each filed timely suspensive appeals with the Commission, which were granted, and the rulings were suspended pending a Commission hearing. On December 6, 2019, the stewards at Delta Downs issued rulings upholding Appellants' suspensions. Again, Appellants each filed timely suspensive appeals with the Commission, which were granted.

Thereafter, on October 27, 2020, Appellants filed a petition for damages in Orleans Parish alleging damages against the Commission as a result of the October

1

24, 2019 rulings. On June 16, 2021, the trial court issued a judgment transferring the case to Calcasieu Parish, the same parish where the stewards at Delta Downs Racetrack issued their October 24, 2019 rulings.[1]

Subsequent to the transfer, on July 3, 2021, Appellants filed a petition for writ of mandamus against the Commission in Orleans Parish regarding the October 24, 2019 rulings. On July 28, 2021, the trial court issued a judgment granting the Commission's exception of lis pendens based on the Appellants' earlier filed petition for damages.

In response to the trial court's judgment granting the exception of lis pendens, Appellants filed an application for supervisory and remedial writ with this Court that was denied on September 28, 2021. Then, Appellants filed an application for a supervisory writ of certiorari and review with the Louisiana Supreme Court that was denied on December 7, 2021. Thereafter, Appellants filed an application for reconsideration with the Louisiana Supreme Court that was not considered per a notice dated February 15, 2022. Appellants did not file an appeal on the trial court's judgment granting the exception of lis pendens within the time delays allowed by law.

On February 23, 2023, Appellants filed a second petition for writ of mandamus against the Commission in Orleans Parish regarding the October 24, 2019 rulings. On April 1, 2022, the trial court issued a judgment granting the Commission's exception of res judicata based on the trial court's July 28, 2021

---

[1] Since the rendering of the June 16, 2021 judgment transferring Appellants' suit to Calcasieu Parish, the case has been transferred to St. Landry Parish.

judgment granting the Commission's exception of lis pendens. Appellants filed a motion for new trial on April 9, 2022, regarding the April 1, 2022 judgment. To date, this motion for new trial has not been heard by the trial court.

Despite the trial court judgments of July 28, 2021 and April 1, 2022 granting the Commission's exceptions of lis pendens and res judicata, Appellants filed a third petition for writ of mandamus against the Commission in Orleans Parish on September 16, 2022, regarding the October 24, 2019 rulings. On October 20, 2022, the trial court heard the Commission's exception of lis pendens regarding the third petition for writ of mandamus. On November 18, 2022, the trial court issued a judgment granting the exception of lis pendens. Appellants filed a motion for new trial on November 24, 2022, and on November 28, 2022, the trial court signed an ex parte order denying the motion for new trial.

On December 16, 2022, Appellants filed a notice of appeal with orders seeking a devolutive appeal of the trial court's November 18, 2022 judgment granting the Commission's exception of lis pendens. The trial court signed the order granting the devolutive appeal on December 19, 2022.

Appellants' devolutive appeal was lodged into this Court on March 16, 2023. On April 25, 2023, the Commission filed a motion to dismiss appeal based on res judicata and request to stay proceedings and briefing until motion is decided. On May 8, 2023, Appellants filed an opposition to the motion to dismiss appeal. On April 27, 2023, this Court issued an order deferring to the appeal panel for

3

consideration the motion to dismiss and denying the request to stay proceedings and briefing.

**<u>DISCUSSION</u>**

The Commission filed a motion to dismiss appeal asserting that this Court lacks jurisdiction based on res judicata. Although captioned as a motion to dismiss appeal, the Commission's motion is best viewed as an exception of res judicata. "The caption, or heading, of the pleading does not control and the court is obligated to ascertain the substance of the pleading." *Theodore v. Johnson*, 2021-0668, p. 3 (La. App. 4 Cir. 3/30/22), 366 So. 3d 211, 214 (citation omitted). In the substance of the motion, the Commission is clearly asserting an exception of res judicata. "The exception of *res judicata* is a peremptory exception." *In re Succession of Gonzales*, 2013-0064, p. 6 (La. App. 4 Cir. 8/7/13), 123 So. 3d 246, 250 (citing La. C.C.P. art. 927). "Article 927 B lists *res judicata* as one of the peremptory exceptions that may be noticed by either the trial or the appellate court on its own motion." *Id*. at pp. 6-7, 123 So. 3d at 250. Additionally, under La. C.C.P. art. 2163[2], an appellate court may consider a peremptory exception filed for the first time on appeal.

"The doctrine of *res judicata* precludes re-litigation of all causes of action arising out of the same transaction or occurrence that were the subject matter of a prior litigation between the same parties." *Kimball v. Kamenitz*, 2021-0101, pp. 20-21 (La. App. 4 Cir. 10/26/21), 331 So. 3d 474, 488 (citation omitted). Louisiana's res judicata statute is La. R.S. 13:4231, which provides:

---

[2] Louisiana Code of Civil Procedure Article 2163 states, in pertinent part, "The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record."

4

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Louisiana Supreme Court has stated that "the chief inquiry is whether the second action asserts a cause of action which arises out of the same transaction or occurrence that was the subject matter of the first action." *Myers v. Nat'l Union Fire Ins. Co. of La.*, 2009-1517, p. 6 (La. App. 4 Cir. 5/19/10), 43 So. 3d 207, 211 (quoting *Burguieres v. Pollingue*, 2002-1385, p. 7 (La. 2/25/03), 843 So. 2d 1049, 1053). In order to succeed on an exception of res judicata, a party must prove all five of the following elements:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Id*. at pp. 6-7, 43 So. 3d at 211 (quoting *Burguieres*, 2002-1385, p. 8, 843 So. 2d at 1053).

In its exception of res judicata – styled as a motion to dismiss, the Commission asserts that the petition for writ of mandamus filed on July 3, 2021, involved the same parties, transaction and occurrence, and request for relief as the third filed petition for writ of mandamus, which forms the basis of this appeal, and resulted in

5

the July 28, 2021 judgment granting the exception of lis pendens. Further, this Court and the Louisiana Supreme Court denied writs (as the Louisiana Supreme Court also denied the request for reconsideration), and no appeal was taken within the time delays allowed by law. Thus, the Commission maintains that Appellants are bound by the July 28, 2021 judgment.

This Court must now consider whether all res judicata elements are met in the case *sub judice*. First, no one disputes that the July 28, 2021 judgment is a valid judgment. Second, we find that the July 28, 2021 judgment is final. As stated earlier, the July 28, 2021 judgment granted the Commission's exception of lis pendens. Appellants filed writs with this Court and the Louisiana Supreme Court that were denied, and they failed to appeal this judgment within the time delays allowed by law. Thus, the July 28, 2021 judgment became a final judgment as it terminated the mandamus action in Orleans Parish and required Appellants assert their requests for mandamus relief in the already pending matter, which has been transferred to St. Landry Parish.

Third, Appellants were the petitioners in the initial mandamus action that resulted in the July 28, 2021 judgment and in the third mandamus action that resulted in the November 18, 2022 judgment, which forms the basis of this appeal. The Commission appears in the same capacity in the third mandamus action as it did in the initial mandamus action. Accordingly, the parties are the same.

Fourth, in the initial and third mandamus petitions, Appellants raise a cause of action that arises from the October 24, 2019 rulings of the stewards at Delta

Downs Racetrack in Calcasieu Parish. Each petition references the same Commission suspension of October 24, 2019 and appeal of said suspension and requests the same court action – the issuance of a writ of mandamus directing the Commission to set their appeal hearing. Appellants cite no new claim in the third mandamus petition that did not already exist when they filed their initial mandamus petition. Therefore, we find that the cause of action asserted in the third mandamus petition existed at the time of final judgment in the initial mandamus petition.

The last remaining inquiry is whether the second action asserts a cause or causes of action that arise out of the transaction or occurrence which was the subject matter of the first action. See *Burguieres v. Pollingue*, 2002–1385, p. 7 (La. 2/25/03), 843 So.2d 1049, 1053. A review of the third mandamus action (the action on appeal) and the initial mandamus action shows that each arises from the same transaction or occurrence, namely, the October 24, 2019 rulings suspending Appellants from horse racing. Both actions essentially seek mandamus relief based on the claim that the Commission has failed to set Appellants' appeal hearings.

All of the elements to sustain an exception of res judicata are met in the present matter. This finding precludes re-litigation of the allegations raised in the Appellants' third mandamus petition. Accordingly, we find that this appeal is barred by the exception of res judicata.

**MOTION TO DISMISS GRANTED; APPEAL DISMISSED**